900 F.2d 890
 58 USLW 2590
 In re DELTA AMERICA RE INSURANCE CO., in Liquidation,
Leroy MORGAN, Commissioner of Insurance, Commonwealth of
Kentucky, as Liquidator of Delta America Re
Insurance Company, Plaintiff-Appellee,
v.
NATIONAL DISTILLERS & CHEMICAL CORPORATION, et al.,
Defendants-Appellants.
 Nos. 89-5871 to 89-5873.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 23, 1990.
Decided March 30, 1990.
Rehearing Denied April 26, 1990.
 
 David Klingsberg, Alan Goot, Michael Braff, Kaye, Scholer, Fierman, Hays & Handler, New York City, W. Henry Jernigan, Jr., Kevin M. McGuire (argued), James L. Gay, Jackson & Kelly, Lexington, Ky., for plaintiff-appellee.
 John P. Brice, II, Fleming, Horstmeyer & Fleming, Lexington, Ky., Larry W. Thomas, Cameron, Hornbostel & Butterman, Washington, D.C., William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., James L. Fischer (argued), Perry Kreidman, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, Stephen M. O'Brien, III (argued), Landrum, Shouse & Patterson, Lexington, Ky., Mark S. Fragner, Kroll & Tract, New York City, for defendants-appellants.
 Before WELLFORD and GUY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 The issue presented by this appeal is the right of an agency or instrumentality of a foreign state to remove a state court contract action to federal court despite a forum selection clause in the contract, which states that jurisdiction to resolve contract disputes will lie in "any court of competent jurisdiction within the United States." The district court concluded that such language results in a waiver of the right of removal and remanded the removed case to the state court where it originated. Upon review, we find that the district court erred, requiring us to reverse the remand order.
 
 I.
 
 2
 The original action underlying this appeal was commenced in the Franklin, Kentucky, Circuit Court by the insurance commissioner of the Commonwealth of Kentucky. The commissioner was acting in his capacity as liquidator of Delta America Re Insurance Company (Delta) after Delta had been declared insolvent. The original defendants were National Distillers and Chemical Corporation (National), the parent corporation of Delta, and DR Insurance Company, a subsidiary of National formed for the purpose of accepting insurance risks ceded from Delta. The liquidator claimed that National had mismanaged Delta and had failed to establish proper loss reserves. National allegedly received improper dividends in excess of twelve million dollars from Delta.
 
 
 3
 Delta was a wholly owned subsidiary of National Distillers, and was comprised of both Elkhorn Insurance Company and Elkhorn Re Insurance Company. Delta was in the business of providing reinsurance, and accepted risks ceded from primary insurance companies in consideration for the payment of premiums pursuant to reinsurance contracts or treaties. In turn, Delta retroceded approximately forty percent of the risks assumed by it to the reinsurers, who provided reinsurance for Delta. In this capacity, the defendant reinsurers are commonly referred to as "retrocessionaires."
 
 
 4
 After Delta was declared insolvent, the liquidator began receiving demands from some of the retrocessionaires to rescind their treaties predicated upon allegations that they had been misled at the time those treaties were entered into and that the treaties had been improperly administered by the former managers of Delta. The retrocessionaires indicated they would not remit any balances owed by Delta. Given that the retracessionaires' claims of mismanagement and fraud were directly intertwined with and related to the liquidator's existing action against National, the liquidator amended the complaint against National adding as defendants Delta's reinsurers, including the retrocessionaires.
 
 
 5
 After being joined as defendants, the retrocessionaires, with the exception of Banco de Seguros del Estado (Seguros), removed this action to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. Sec. 1441(c).[1] Subsequently, Seguros filed a petition joining in the removal of this action predicated upon its status as a foreign sovereign, as defined by the Foreign Sovereign Immunity Act (FSIA), 28 U.S.C. Sec. 1603. Removal was predicated upon 28 U.S.C. Sec. 1441(d), which states:
 
 Sec. 1441. Actions removable generally
 
 6
 ....
 
 
 7
 (d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.
 
 
 8
 It is undisputed that Seguros and possibly one or more of the retrocessionaires qualify as a "foreign state" as defined in 28 U.S.C. Sec. 1603(a) and (b).
 
 
 9
 The liquidator then moved to remand, claiming that the retrocessionaires had waived their right to remove by operation of a forum selection clause contained within the reinsurance contracts at issue. The district court remanded in a brief opinion, stating:
 
 
 10
 Although the statutes make special concessions to agencies of foreign governments with regard to removal, the court does not see any reason why they should not be able to waive that right, the same as any other litigant. The court agrees with the arguments of the plaintiffs in this regard.
 
 II.
 
 11
 Before addressing the forum selection clause issue, we must first address a preliminary matter. In the order of remand, the district court stated that "[t]his is not an appealable order." Subsequent to the issuance of the order of remand in this case, we decided Regis Associates v. Rank Hotels, Ltd., 894 F.2d 193 (6th Cir.1990). In Regis, we specifically addressed the appealability of a remand order predicated upon the interpretation of a forum selection clause, and we joined with those circuits which have held such orders appealable.[2] Regis is controlling here; therefore, this appeal is properly before us.
 
 III.
 
 12
 We now turn to the issue of whether the forum selection clause at issue here constituted a waiver of the right of removal. The clause in question reads in its entirety:
 
 
 13
 It is agreed that in the event of the failure of the Reinsurers hereon to pay any amount claimed to be due hereunder, the Reinsurers hereon, at the request of the Elkhorn will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
 
 
 14
 Our decision in Regis, although dealing with a differently worded forum selection clause,[3] is helpful as a starting point in the resolution of this issue. We acknowledged in Regis that the right to remove could be waived, but aligned ourselves four-square with those courts which have insisted that the waiver be clear and unequivocal:
 
 
 15
 The right of removal of a suit from state court to federal court is a statutory right. 28 U.S.C. Sec. 1441. A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. White v. Wellington, 627 F.2d 582, 586 (2d Cir.1980).
 
 
 16
 Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal. Kiddie Rides U.S.A., Inc. v. Elektro-Mobiltechnik GMBH, 579 F.Supp. 1476 (C.D.Ill.1984); Capital Bank & Trust Co. v. Associated Int'l Ins. Co., 576 F.Supp. 1522 (M.D.La.1984)....
 
 
 17
 Regis, 894 F.2d at 195 (footnote omitted). Although the district court found waiver here, there is no discussion of the standard used to determine waiver, nor is there any citation to any authority finding waiver under similar circumstances.
 
 
 18
 A forum selection clause, such as the one at issue here, is part of a contract, and principles of contract interpretation apply. In interpreting disputed contract provisions, we generally start by attempting to discern the intent of the parties. We also generally resolve ambiguities against the drafter.[4] Although there is not much in the way of a record in this case, it does appear that the forum selection clause was not the subject of negotiations and that the language used was standard in all contracts between Delta and its retrocessionaires. Although not determinative of the waiver issue, both of these factors cut against the conclusion that there was a waiver here.
 
 
 19
 Also militating against a finding of waiver is the language of and apparent purpose behind 28 U.S.C. Sec. 1441(d). To begin with, section 1441(d) was added in 1976 as part of the FSIA. The FSIA accomplished a number of purposes, including transferring the resolution of sovereign immunity questions involving foreign states from the executive to the judicial branch of government, and providing that the judicial forum for such resolution shall be the "courts of the United States and of the States...." 28 U.S.C. Sec. 1602. Although the FSIA allowed resolution of immunity questions by state courts, the legislation also provided an absolute right of removal to the federal courts by the foreign state. 28 U.S.C. Sec. 1441(d). Section 1441(d) also liberalized the removal time requirements of section 1446(b) by providing that the limitations may be enlarged at any time "for cause shown." Additionally, cases removed pursuant to section 1441(d) must be tried to the court without a jury.
 
 
 20
 Although, as the liquidator points out, we are not dealing with any claims of immunity from suit here, we nonetheless find that the addition of section 1441(d) to the removal statutes as part of the FSIA is not without significance. It enables foreign states, at their option, to avoid any local bias or prejudices possibly inherent in state court proceedings and also to avoid trial by jury. These are not insignificant concessions, given the restrictions on foreign sovereign immunity mandated by the FSIA.[5] Although Congress made it very clear that foreign states have the right of removal, this does not mean, of course, that they may not waive that right. Against the backdrop of the FSIA, however, the principle that waiver must be clear and unequivocal assumes even greater significance.
 
 
 21
 Returning for the moment to the question of intent of the parties, we can conceive of no reason why a foreign state would waive a right of removal. Since the FSIA allows a foreign state to remain in a state court if sued there and have a jury if desired, there is absolutely nothing to be gained by giving up the option to go to federal court and avoid a jury trial.[6]
 
 
 22
 Another cardinal principle of contract interpretation is that the language being interpreted should be given its ordinary meaning. When the clause in question is read, it appears that the primary purpose of the clause is to ensure that a reinsurer will submit to the jurisdiction of a court within the United States. Although we have referred to it as a "forum selection clause," the contract itself does not use that language. It would be more appropriate to describe it as a "submit to the jurisdiction of a court within the United States" clause. Given that many retrocessionaires are foreign corporations, the concern about in personam jurisdiction is logical and understandable. The right of removal, however, in no way interferes with in personam jurisdiction. Furthermore, at the time this clause was written, the only way that a case started in state court could be properly removed was if the state court had jurisdiction.[7] Thus, there was a "submission" to the jurisdiction of the court in which the litigation was started as called for by the clause in question.
 
 
 23
 Finally, we note that although the "foreign state" retrocessionaires have made no claim of sovereign immunity, that does not mean the case as to them is devoid of immunity overtones. In discussing foreign sovereign immunity, the Supreme Court observed in Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 486, 103 S.Ct. 1962, 1967, 76 L.Ed.2d 81 (1983): "For more than a century and a half, the United States generally granted foreign sovereigns complete immunity from suit in the courts of this country." The Court went on to discuss how the FSIA changed the immunity status of foreign sovereigns:
 
 
 24
 To promote these federal interests, Congress exercised its Art. I powers by enacting a statute comprehensively regulating the amenability of foreign nations to suit in the United States. The statute must be applied by the district courts in every action against a foreign sovereign, since subject-matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity, 28 U.S.C. Sec. 1330(a). At the threshold of every action in a district court against a foreign state, therefore, the court must satisfy itself that one of the exceptions applies--and in doing so it must apply the detailed federal law standards set forth in the Act. Accordingly, an action against a foreign sovereign arises under federal law, for purposes of Art. III jurisdiction.
 
 
 25
 Id. at 493-94, 103 S.Ct. at 1971 (footnotes omitted) (emphasis added). Accordingly, the development of a uniform body of law is served when cases involving foreign sovereigns or their agencies are tried in a federal forum.
 
 
 26
 In order to provide maximum guidance for future cases involving foreign states,[8] we hold that any claimed waiver of the right of removal stemming from contractual language must be explicit. It is easy enough to provide that, if a state court is selected as a forum, no right of removal attaches. There is no reason why courts should have to wrestle with these interpretative questions when the contracting parties can easily deal with the problem themselves. A bright line test will serve the parties as well as judicial economy.[9]
 
 
 27
 REVERSED and REMANDED to the district court for further proceedings.
 
 
 
 [1]
 Since there is not complete diversity of citizenship, the removal by the retrocessionaires on that ground would be dependent on there being a "separate and independent claim or cause of action under 28 U.S.C. Sec. 1441(c)." We need not address that issue, however, since if the section 1441(d) removal by Seguros was proper, the entire action against all defendants is removed to federal court. Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1375 (5th Cir.1980)
 
 
 [2]
 See Karl Koch Erecting Co. v. New York Convention Center Dev. Corp., 838 F.2d 656 (2d Cir.1988), and Pelleport Investors Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th Cir.1984)
 
 
 [3]
 The forum selection clause in Regis reads: "The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts." Regis, 894 F.2d at 194 (6th Cir.1990)
 
 
 [4]
 Although often referenced, the principle of resolving ambiguities against the drafter is an interpretive aid of greater value when dealing with contracts of adhesion or contracts negotiated between parties of unequal sophistication or bargaining power. Such is not the case here
 
 
 [5]
 See generally 28 U.S.C. Sec. 1605. The FSIA codified the restrictive theory of sovereign immunity. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 488, 103 S.Ct. 1962, 1968, 76 L.Ed.2d 81 (1983)
 
 
 [6]
 There are reported cases in which forum selection clauses have been interpreted as giving up the right of removal predicated upon the waiver being an inducement to the opposite party to enter the contract
 These cases generally involve the selling of insurance policies to private individuals, and the theory is that the ability of the policy holder to pick his court is an inducement to buy the policy. Although it is questionable whether any individual ever has been induced to buy a policy for this reason, the fact situation here is far removed from those cases. See, e.g., Perini Corp. v. Orion Ins. Co., 331 F.Supp. 453 (E.D.Cal.1971).
 
 
 [7]
 In 1986, 28 U.S.C. Sec. 1441 was amended by adding section (e), which reads: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."
 
 
 [8]
 We reference 28 U.S.C. Sec. 1603(a) and (b) for the definition of "foreign state."
 
 
 [9]
 By and large, we have not addressed the cases cited by the parties because they are distinguishable. The cases relied on by the liquidator involve forum selection clauses, but not foreign states. The cases relied on by the retrocessionaires involve immunity and the FSIA, but not the removal issues. We do note that In re Texas Eastern Transmission Corp., M.D.L. No. 764, slip op. (E.D.Pa.Sept. 14, 1988), holds that a forum selection clause, worded just as the one at issue here, does not result in a waiver of the right of removal. Also, Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A., 760 F.2d 390, 397 (2d Cir.1985) (forum selection clause that merely puts jurisdiction in either a state or federal court does not waive right of removal), and Liberty Mutual Ins. Co. v. Insurance Corp. of Ireland, 693 F.Supp. 340 (W.D.Pa.1988), are generally supportive of the proposition that forum selection clauses do not waive the right of removal when the FSIA is implicated