George FABE, Plaintiff,

v.

**ANECO REINSURANCE UNDERWRITING LIMITED, et al., Defendants.**

Civ. A. No. 2:91–CV–655.

United States District Court,
S.D. Ohio, E.D.

Dec. 16, 1991.

William J. Brown, Emens, Hurd, Kegler & Ritter, Columbus, Ohio, for plaintiff.

Thomas Brennan Ridgley, Vorys, Sater, Seymour & Pease, David Warren Alexander, Squire, Sanders & Dempsey, Polly Jane Harris, Porter, Wright, Morris & Arthur, Columbus, Ohio, for defendants.

## OPINION AND ORDER

HOLSCHUH, Chief Judge.

Plaintiff in this action is the Superintendent of Insurance for the State of Ohio, acting as liquidator for the Oil and Gas Insurance Company ["OGICO"]. He originally brought this action against the defendants in the Court of Common Pleas for Franklin County, Ohio seeking possession of certain assets. The liquidators of defendant Forum Reinsurance Company, Ltd. ["Forum"] thereafter removed the action to this Court pursuant to 28 U.S.C. § 1441(d). This matter is now before the Court on plaintiff's motion to remand the action to the Court of Common Pleas.

## BACKGROUND

On August 31, 1990 and acting pursuant to O.R.C. § 3903.16, the Court of Common Pleas for Franklin County, Ohio, ordered OGICO placed in liquidation and named plaintiff George Fabe as the liquidator. On December 13, 1990, plaintiff filed suit in Common Pleas Court for declaratory and other relief in connection with certain reinsurance agreements between OGICO and Aneco Reinsurance Underwriting Ltd. ["Aneco"] and Forum Reinsurance Co., Ltd. ["Forum"].

On March 8, 1991, the Chief Justice of the Supreme Court of Bermuda placed Forum in liquidation and provisionally appointed two liquidators as successors to Forum's interests, charged with marshall-ing the assets of Forum and generally winding up Forum's affairs. *Exhibit JPE 1*, attached to *Affidavit of Jeffrey Philip Elkinson* [hereinafter "the Elkinson Affidavit"]. One of the liquidators is Malcolm Butterfield, Bermuda's Official Receiver and Registrar of Companies, and a public officer under the Bermuda Constitution Order 1968. *Elkinson Affidavit*, ¶ 3. The Supreme Court of Bermuda subsequently made these appointments permanent on August 13, 1991, and the liquidators, claiming to be agents of a foreign state, sought removal of the state court action to this Court, under 28 U.S.C. § 1441(d), on the same day.

## DISCUSSION

Plaintiff contends, first, that removal under 28 U.S.C. § 1441(d) to this Court was improper because the Bermuda liquidators do not qualify as an "agency or instrumentality of a foreign state" as defined in 28 U.S.C. § 1603(b).

Section 1441(d) of Title 28 of the United States Code provides:

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

Section 1603(a) and (b), also known as the "Foreign Sovereign Immunity Act" ["FSIA"], provides in pertinent part:

a) A "foreign state", ... includes ... an agency or instrumentality of a foreign state as defined in subsection (b).

b) An "agency or instrumentality of a foreign state" means any entity—

1) which is a separate legal person, corporation or otherwise, and

2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign

state or political subdivision thereof, and

3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

If, as plaintiff contends, Forum's liquidators do not qualify as an agency or instrumentality of Bermuda within the meaning of the FSIA, the notice of removal was defective.

The intent of Congress in enacting the FSIA and 28 U.S.C. § 1441(d) "was to allow for a uniform body of law concerning foreign states to emerge in the federal courts." *Refco, Inc. v. Galadari*, 755 F.Supp. 79, 83 (S.D.N.Y.1991). The statutes therefore serve to decrease the possibility of "entirely inconsistent opinions and results regarding the same questions of law and substantially similar questions of facts." *Id.* at 83. The FSIA also provides foreign states with the option of "avoid[ing] any local bias or prejudices possibly inherent in state court proceedings." *In re Delta America Re Ins. Co.*, 900 F.2d 890, 893 (6th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990). To effectuate this legislative intent, "the definition of agency or instrumentality [should] be broad." *Refco, Inc.*, 755 F.Supp. at 82; *O'Connell Machinery Co. v. M.V. "Americana"*, 734 F.2d 115 (2d Cir.), *cert. denied,* 469 U.S. 1086, 105 S.Ct. 591, 83 L.Ed.2d 701 (1984).

Plaintiff appears to take the position that, because Forum, as a corporation, cannot be viewed as an agency or instrumentality of a foreign state, its liquidators cannot properly remove this action under 28 U.S.C. § 1441(d). *See The OGICO Liquidator's Memorandum in Reply,* at 7. However, once Forum was ordered into liquidation, the real party in interest in this action became, not the corporation, but the liquidators of the corporation appointed by the Supreme Court of Bermuda.

It is also argued, in support of the motion to remand, that it is the status of the corporation at the time the acts complained of occurred that is determinative to the inquiry. *See Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445 (6th Cir. 1988), [removal under § 1441(d) by a corporation formerly owned by the French Republic was proper despite the sale, after the acts complained of but before removal, of most of France's stock to a private entity].

Again, plaintiff misapprehends the nature of the case in its present posture. With the order of liquidation of Forum, the real parties in interest are now—not the corporation Forum—but the liquidators appointed by the Bermuda Supreme Court. *See* § 174(2), *The Bermudian Companies Act 1981*, attached as *Exhibit JPE 4 to the Elkinson Affidavit.* Accordingly, any consideration of the character and ownership of Forum is, quite simply, irrelevant.

Liquidator Butterfield is a public official under Bahamian law. *Elkinson Affidavit,* ¶ 3; *Bermuda Constitution Order 1968,* § 102(1), attached as *Exhibit JPE 2 to Elkinson Affidavit.* Both liquidators are vested with all interests and property of the estate in liquidation and legal proceedings may be prosecuted or defended in the liquidator's name. § 174(2), *The Companies Act 1981, attached as Exhibit JPE 4, to the Elkinson Affidavit.* Moreover, the liquidators are charged with the marshalling of assets of the liquidated estates and must follow the winding-up procedures required by *The Companies Act 1981, the Insurance Act 1978 and the Companies Winding Up Rules 1982. See Exhibits JPE 3, 4, 5, attached to the Elkinson Affidavit.* Despite plaintiff's protestations to the contrary, the Bermuda liquidators must vindicate the interests and public policy of Bermuda, much as the Ohio Superintendent of Insurance, in his role as OGICO liquidator, must do for Ohio.[1] This Court therefore concludes that Forum's liquidators qualify as an agency or instrumen-

---

**1.** "The structure of the Ohio [liquidation] system serves this State's strong interest in centralizing claims against an insolvent insurer into a single forum where they can be efficiently and consistently disposed." *The OGICO Liquidator's Motion for Remand,* at 18.

tality of Bermuda for purposes of 28 U.S.C. § 1603(b).

■ The Court also concludes that removal of the action by Forum's liquidators under 28 U.S.C. § 1441(d) was proper. Absent a valid, explicit waiver, a foreign state enjoys an absolute right of removal of a case to federal court. *In re Delta America Re Ins. Co.*, 900 F.2d 890, 893 (6th Cir.1990). Plaintiff asserts that Forum, prior to the Supreme Court of Bermuda's Order of Liquidation, voluntarily agreed to submit to OGICO's choice of forum pursuant to Article XVII[2] of a reinsurance agreement between OGICO and Forum, that Forum has therefore waived any right to remove, and that such waiver is binding upon Forum's successors in interest. A contractual choice of forum clause virtually identical to the one at issue in this case was found not to constitute a waiver of the right to remove the case under 28 U.S.C. § 1441(d). *See In re Delta America Re Ins. Co.*, 900 F.2d 890.[3] This Court therefore concludes that the forum selection clause does not operate as a waiver of the right to remove vested in Forum's liquidators.

■ Plaintiff also contends that the liquidators' removal was untimely. Ordinarily, the notice of removal must be filed "within thirty days after the service of summons upon the defendant ..." or, if the case is not initially removable, "within thirty days after receipt by the defendant of [any] paper from which it may first be ascertained that the case is or has become removable...." 28 U.S.C. § 1446(b). Section 1441(d), which addresses the removal

of an action by a foreign state, provides that "the time limitation of section 1446(b) ... may be enlarged at any time for cause shown." Plaintiff argues that, because Forum did not remove the action within thirty days after service of summons upon it, its successors in interest, *i.e.*, the Bermuda liquidators, have lost the right to remove the action. Plaintiff's reasoning in this regard would require this Court to impute to a foreign state a waiver of the right to removal under § 1441(d), a result inconsistent with the express holding of *In re Delta America Re Ins. Co., supra*, 900 F.2d at 893.

Plaintiff also contends that, because significant proceedings had already taken place in the state court prior to removal, the liquidators should not now be permitted to remove the action to this Court. This fact alone, however, is not determinative of the right to remove.[4] Rather, § 1441(d) states that an agent of a foreign state may remove an action after the time limits set forth in § 1446(b) "for cause shown." Delays of as long as five years have been found to be timely. *See Refco, Inc. v. Galadari*, 755 F.Supp. at 84. The notice of removal in this action was filed the same day that the liquidators' appointment was made permanent. The liquidators have satisfied this Court that the lapse of time between their provisional appointment on March 8, 1991 and the filing of the notice of removal on August 13, 1991 was not unreasonable. The Court therefore concludes that, to the extent the time limitations of § 1446(b) have not been met, the liquidators have demonstrated good cause

2. "In the event of the failure of the Reinsurer to pay any amount claimed to be due hereunder, the Reinsurer, at the request of [OGICO], will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder will be determined in accordance with the law and practice of such court."

3. The forum selection clause at issue in *In re Delta America Re Ins. Co.* reads:
It is agreed that in the event of the failure of the Reinsurers hereon to pay any amount claimed to be due hereunder, the Reinsurers

hereon, at the request of the Elkhorn will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

4. Indeed, the removal statutes themselves contemplate removal of some cases long after the institution of the action. *See* 28 U.S.C. § 1446(b). In any event, although the file in this action is voluminous, many issues remain for resolution.

and the notice of removal was therefore not untimely.

 Plaintiff also contends that the failure of Aneco to join in the removal renders the removal by Forum's liquidators improper. The legislative history of § 1441(d) explains that Congress intended proper removal under these circumstances: "New subsection (d) of section 1441 permits the removal of any such action at the discretion of the foreign state, and even if there are multiple defendants and some of these defendants desire not to remove the action...." 1976 U.S.Code and Admin.News 6631. *See also In re Delta America Re Ins. Co.*, 900 F.2d at 891 n. 1; *Refco, Inc. v. Galadari*, 755 F.Supp. at 84. Plaintiff's motion to remand is without merit in this regard.

 Plaintiff also argues that, because the Franklin County Court of Common Pleas earlier exercised jurisdiction over certain assets, this Court is now precluded from attempting to exercise jurisdiction in this action. Plaintiff misapprehends the effect of the removal statutes. It is true, as the cases cited by plaintiff indicate, that a second court cannot exercise competing jurisdiction over a *res* that is the subject of earlier-invoked *in rem* jurisdiction vested in another court. *See Kline v. Burke Const. Co.*, 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). However, removal jurisdiction does not involve issues of *competing* jurisdiction between two courts; rather, where the federal court's removal jurisdiction is properly invoked, the state court is divested of all further jurisdiction in the action and the federal court merely assumes the jurisdiction formerly exercised by the state court. *See French v. Hay*, 89 U.S. (22 Wall.) 238, 22 L.Ed. 854 (1875); 1A *Moore's Federal Practice*, ¶ 0.168 [4.–5]. Plaintiff's contention in this regard is without merit.

 Finally, plaintiff argues that this Court must abstain from exercising jurisdiction in this action. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The right to removal vested by § 1441(d) in an agency of a foreign state is absolute. *In re Delta Ameri-*

*can Re Ins. Co.*, 900 F.2d at 893. The interests intended by Congress to be served by the statute outweigh, in the mind of this Court, those served by the discretionary doctrine of abstention. The Court therefore declines to abstain from exercising the jurisdiction vested in this Court upon the liquidators' proper removal of the action.

### CONCLUSION

WHEREUPON, for all the foregoing reasons, plaintiff's motion to remand the action to the Court of Common Pleas for Franklin County, Ohio, is without merit, and it is therefore DENIED.