In re RIMSAT, LTD., Appellee,

v.

Carl B. HILLIARD, Jr., Appellant.

Civil Action Nos. 96–0502(RCL), 96–0503(RCL).

United States District Court, District of Columbia.

April 10, 1997.

Robert M. Beckman, Bode & Beckman, Washington, DC, for petitioner.

Dennis M. O'Dea, Keck, Mahin & Cote, Chicago, IL, Carol A. Joffe, Keck, Mahin & Cote, Washington, DC, for respondent.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

Appellant Carl B. Hilliard, Jr. asks this court to reverse two orders from the United States Bankruptcy Court for the District of Columbia ("D.C. Bankruptcy Court") enforcing subpoenas issued by the Creditor's Committee of RIMSAT, Ltd. ("RIMSAT"). The subpoenas, served on Hilliard while in the District, call for Hilliard to undergo an examination pursuant to Bankruptcy Rule 2004 and to produce specified documents. Permission to proceed with the examination and the document production arose from a valid order issued by the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division ("Indiana Bankruptcy Court"), the locus of the original bankruptcy proceedings related to RIMSAT. Hilliard also seeks leave to supplement the record.

For the reasons contained herein, the motion for leave to supplement the record is denied. In addition, the court denies Hilliard's appeals, choosing instead to affirm the orders of the D.C. Bankruptcy Court enforcing the subpoenas.

### FACTS

RIMSAT is a company incorporated in the Federation of Saint Christopher and Nevis, West Indies. The Creditor's Committee is a qualified trustee of RIMSAT, a debtor according to Chapter 11 of the United States Bankruptcy Code. Hilliard is a United States citizen.

In 1994, RIMSAT brought suit for breach of fiduciary duty against Hilliard as an officer, director, and shareholder of RIMSAT in United States District Court for the Northern District of Indiana. Soon thereafter, Hilliard initiated proceedings in the High Court of Justice of Nevis, seeking to be appointed receiver of RIMSAT. On January 20, 1995, the Nevis Court did just that, granting Hilliard "full powers to take possession of and manage the assets and affairs of the company" until the sixth of February. On January 27, 1995, an involuntary petition commenced RIMSAT's bankruptcy case in the Indiana Bankruptcy Court. By February 9, 1995, the Nevis Court had extended Hilliard's appointment as receiver, further specifying the duties and powers that accompanied the appointment.

On June 16, 1995, the Indiana Bankruptcy Court issued a temporary restraining order, forbidding Hilliard from acting as receiver under the order of the Nevis Court. In August of the same year, the Creditor's Committee prayed the Indiana Bankruptcy Court issue an order directing an examination of Hilliard pursuant to Rule 2004 of the U.S. Bankruptcy Code. After an oral hearing, the order directing a Rule 2004 examination of Hilliard was granted.

In September of the same year, the Indiana Bankruptcy Court entered a motion for partial summary judgment in favor of RIMSAT. After a full adjudication of the issue, the opinion denied Hilliard's claim that the Foreign Sovereign Immunities Act (hereinafter FSIA) prevented him from validly appearing before the court. The court's personal jurisdiction over Hilliard was deemed proper and correct.

Some nine months prior, in December of 1994, RIMSAT issued a Subpoena Duces Tecum to Bank of America NT & SA. The subpoena was designed to garner discoverable information of Hilliard's bank records for the breach of fiduciary duty claim that existed in the Indiana District Court. The next day, a restraining order was issued by a justice on the Nevis High Court, forbidding RIMSAT from prosecuting its breach of fiduciary duty claim against Hilliard. Hilliard sought to enforce the protective order and quash the subpoena in a Southern District of California District Court. In a nine page

opinion, Chief U.S. District Judge Judith Keep denied Hilliard's motion. The court held that comity did not require deference be given to the Nevis opinion, stating that the Nevis court should have considered comity prior to becoming involved in a valid United States District Court case. The subpoena was therefore not quashed or modified.

On October 26, 1995, a subpoena was served upon Hilliard in Washington, D.C., commanding that he produce certain documents and undergo the 2004 examination authorized by the Indiana Bankruptcy Court. Hilliard sought to quash the subpoena on numerous grounds in the D.C. Bankruptcy Court. U.S. Bankruptcy Judge Martin Teel denied the motion. Judge Teel first found that Hilliard was a valid target of a 2004 examination to be conducted by the Creditor's Committee. In addition, the judge held that collateral estoppel prevented Hilliard from contesting the already adjudicated immunity issue.

Hilliard also argued that the subpoena caused him to travel over one hundred miles from the place where he resided or regularly transacted business. Citing Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure, Hilliard asked that the subpoena be quashed or modified. The Creditor's Committee attached documents showing Hilliard maintained a business office in the District of Columbia at least until mid–1995. If he in fact maintained such a business office when the subpoena was served, Rule 45 would not be applicable, and the subpoena would be valid. Hilliard produced no evidence to the D.C. Bankruptcy Court to refute the evidence that he conducted business in the District. Judge Teel therefore denied the motion to quash. Judge Teel went on to add that even if Hilliard had made such a showing, the subpoena would not be quashed, but rather modified to conform to the mandate of Rule 45.

Hilliard comes before this court seeking to quash the subpoena upheld by Judge Teel forcing him to produce documents and undergo a Rule 2004 examination. He also seeks to quash the Subpoena Duces Tecum requiring the production of documents. In addition, he files for leave to supplement the record with a personal declaration purporting to prove that he did not regularly conduct business in the District at the time the subpoena was issued. For the reasons stated herein, the appeals of Hilliard and the motion for leave to supplement the record are hereby denied.

### ANALYSIS

■ Hilliard first argues that the D.C. Bankruptcy Court erred in refusing to hear his argument concerning his alleged sovereign immunity. Because Hilliard had fully litigated the issue in the Indiana Bankruptcy Court, Judge Teel believed the complainant was collaterally estopped from re-adjudicating the exact same issue in the D.C. Bankruptcy Court. Judge Teel's analysis is correct.

■ The doctrine of issue preclusion or collateral estoppel is applicable if "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Thomas v. General Services Admin.*, 794 F.2d 661, 664 (Fed.Cir.1986) (internal quotations omitted). *See also Otherson v. Department of Justice, Immigration and Naturalization Serv.*, 711 F.2d 267, 272 (D.C.Cir.1983).

Applying this test to the case at bar, it is clear that Hilliard is precluded from re-arguing his immunity claim before this court. The Indiana Bankruptcy Court previously heard Hilliard's argument pertaining to his alleged immunity. The issue was fully litigated. The bankruptcy judge found that Hilliard was not an "agent or instrumentality" of Nevis for purposes of the FSIA. *In Re: RIMSAT. Ltd. v. Hilliard,* No. 95–10120 (Bank.N.D.Ind.1995). As a result, he could not claim sovereign immunity to avoid appearing before the Indiana Bankruptcy Court. This determination was necessary to the order granting partial summary judgment in favor of RIMSAT. Hilliard was of course fully represented in the proceedings.

Hilliard now asks this court to decide the exact same issue resolved by the Indiana Bankruptcy Court, namely his alleged immunity under the FSIA. He also invited the D.C. Bankruptcy Court to rule upon this issue. Judge Teel properly declined the invitation, finding the doctrine of collateral estoppel forbid him from re-deciding the already adjudicated issue. So too must this Court reject Hilliard's offer. The four-prong collateral estoppel test has clearly been met. This court is therefore barred from ruling upon the previously determined issue of Hilliard's immunity under the FSIA.

Even if collateral estoppel did not apply, Hilliard's immunity argument would fail on the merits.[1] The primary case he relies upon to bolster his FSIA contention is *Fabe v. Aneco Reinsurance Underwriting, Ltd.*, 784 F.Supp. 448, 450 (S.D.Ohio 1991). There, the Bermuda Supreme Court appointed non-United States citizens to serve as liquidators of a privately-owned Bermuda corporation. *Id.* They were held to be agents of a foreign state for purposes of the FSIA. *Id.*

The case at bar is easily distinguishable from *Fabe*. Section (b)(3) of the FSIA explicitly excludes from immunity one who is a citizen of the United States. 28 U.S.C. § 1603(b)(3) (1994). Hilliard is a citizen of the United States. As such, he does not qualify for immunity under the FSIA, despite his status as a Nevis appointed receiver. *Jugobanka d.d. New York Agency v. Unis Int'l Corp.*, No. 93C1865, 1995 WL 3987, at *4 (N.D.Ill. Jan.5, 1995) (holding that the FSIA prohibits immunity for United States citizens). Moreover, the Indiana Bankruptcy decision that refused Hilliard immunity has now been affirmed by both the District Court in Indiana and the United States Court of Appeals for the Seventh Circuit. *See In the Matter of Rimsat, Ltd.*, 98 F.3d 956, 963 (7th Cir.1996) (explicitly determining that Hilli-

ard's United States citizenship "placed him outside the protection of the Act by the Act's express terms"). Clearly his claim of sovereign immunity must fail.

Hilliard also asks this court to give comity to the Nevis restraining order attempting to prevent RIMSAT from pursuing its breach of fiduciary claim against him. The same reasoning that finds Hilliard collaterally estopped from re-arguing his immunity issue applies to this contention as well. Judge Teel decided the identical comity issue in a previously adjudicated matter. The issue was fully litigated, and was essential to the determination reached by the California District Court. Hilliard was again represented by counsel. As such, collateral estoppel applies, and Hilliard is barred from re-adjudicating this already litigated comity issue.[2]

Hilliard next contends that the D.C. Bankruptcy Court erred by failing to find the subpoena compelling him to testify to be the equivalent of an action against the government of Nevis. For support, Hilliard relies upon *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), and *Monell v. Department of Social Serv. of the City of New York*, 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978). Such reliance is misplaced. Both these cases dealt with the definition of "official-capacity actions" in the context of § 1983 suits. Taken together, they held that "a claim alleged against a state officer *acting in his official capacity* is treated as a claim against the state itself." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 n. 5 (9th Cir.1988) (interpreting *Graham* and *Monell* ) (emphasis added). *Graham* went on to add that an official-capacity action is *"not* a suit against the official personally, for the real party in interest is the

---

1. In fact, the very issue of Hilliard's immunity under the FSIA was recently decided by the Court of Appeals for the Seventh Circuit. *See In the Matter of Rimsat, Ltd.*, 98 F.3d 956, 963 (7th Cir.1996) (denying Hilliard immunity status).

2. The Seventh Circuit also recently decided this exact comity issue put forth by Hilliard. *In the Matter of Rimsat, Ltd.*, 98 F.3d 956, 963 (7th

Cir.1996). Based upon the facts of the case, the court there determined for a number of reasons that "Hilliard's appeal to comity must fail." *Id.* This court agrees with the judgment of the Seventh Circuit. Accordingly, even if collateral estoppel did not apply, Hilliard's comity argument would fail to persuade this court.

[state or governmental] entity." 473 U.S. at 166, 105 S.Ct. at 3105. Thus, an action against an individual is considered an action against the state itself only when the individual is being sued in his official capacity as a state employee.

Clearly that is not the case here. Hilliard is being subpoenaed personally to participate in a Bankruptcy Rule 2004 examination. The examination is designed to garner financial information Hilliard might have via his status as a one-time officer and director of RIMSAT. It is not a subpoena specifically pertaining to his official duties as a Nevis-appointed receiver. The real party in interest is not the government of Nevis. It is a subpoena against an individual personally (Hilliard), not the state of Nevis. As such, it is not an official-capacity action, and is therefore not considered a suit against the Nevis government. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105; *Monell*, 436 U.S. at 691 n. 55, 98 S.Ct. at 2036 n. 55.

■ Hilliard further contends that the D.C. Bankruptcy Court failed to consider whether the Rule 2004 examination was proper. According to the transcript of the January 24 hearing, Judge Teel held that Hilliard's admitted connection with the debtor RIMSAT made him a viable candidate for a 2004 examination. As Judge Teel stated, the initial decision to grant the examination was well within the discretion of the Indiana Bankruptcy Court. In addition, it was well within Judge Teel's discretion to give credence to the Indiana Bankruptcy Court's determination. This court refuses to infringe upon valid determinations such as these absent a clear abuse of discretion. In the case at bar, no such abuse is present. In light of these prior judicial conclusions, this court finds that Hilliard is a valid target of the 2004 examination.[3]

■ Hilliard also contends that the enforcement of the subpoena would cause him to travel over 100 miles from the places where he resides or regularly conducts business. Thus, claiming a violation of Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure, Hilliard asks that the subpoena be quashed. The Creditor's Committee produced evidence to the D.C. Bankruptcy Court tending to show Hilliard maintained a business office in the District of Columbia. If true, it would prove he regularly conducted business in the District for the purposes of Rule 45, and thus be subject to a properly issued subpoena here in D.C. At the D.C. Bankruptcy proceedings, Hilliard offered no evidence to refute this contention.

Aware that he had failed to timely produce any such evidence, Hilliard now seeks leave to submit an affidavit claiming that he did not in fact regularly conduct business in the District. Judge Teel denied Hilliard's request, stating "I'm not going to grant that type of delay. It's been delayed enough already. He [Hilliard] bears the burden [of producing contrary evidence] and he hasn't carried it." *RIMSAT, Ltd. v. Hilliard,* Case No. 95–1009, Transcript of Hearing at 19 (Bank.D.C. Jan. 24, 1996). Hilliard now asks this Court for leave to supplement the record with a declaration that Judge Teel previously denied as untimely.

■ Rule 45(c)(3)(A)(ii) demands that a subpoena be quashed or modified if it "requires a person who is not a party ... to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person ..." Fed.R.Civ.P. 45(c)(3)(A)(ii). The burden to prove that a subpoena is unreasonable or oppressive rests upon the party seeking to quash or modify. *Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 403 (D.C.Cir.1984). Mere assertions that compliance would be burdensome are insufficient to satisfy such a burden. 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed.1995).

---

**3.** RIMSAT is now a debtor for the purposes of the pending Bankruptcy hearings. Hilliard was a one-time officer and director of RIMSAT. RIMSAT charges that Hilliard has come into possession of their property and failed to account for it. In addition, Hilliard has allegedly attempted to collect RIMSAT assets in circumvention of the bankruptcy process. The Indiana Bankruptcy Court found that he is a central figure to the bankruptcy proceedings. All these factors point to the conclusion that Hilliard is a valid target for a 2004 examination.

In the case at bar, Hilliard had the opportunity to meet this burden at the bankruptcy proceedings. Instead of offering evidence in support of his contention that he did not regularly conduct business in the District, Hilliard offered bald assertions. Only when confronted with the possibility of failure did he even seek to supply an affidavit to bolster his claim, a tactic that was available throughout and which seemed an obvious step to take. Exercising his broad discretion, Judge Teel refused to grant Hilliard leave to do something he should have done long before the day of the hearing. In his opinion, the subpoena granting the 2004 hearing had been delayed long enough.

This court agrees. Hilliard had the burden of coming forth with evidence that the subpoena should be quashed or modified. He offered no evidence in support of his claim. He was faced with documents tending to show that he regularly conducted business in the District. He did nothing to refute them. The time has come for Hilliard to undergo the 2004 examination mandated by the Indiana Bankruptcy Court. No more stalling tactics or frivolous arguments can prevent this now. A trial court has broad discretion in determining whether to quash or modify a subpoena. *Northrop*, 751 F.2d at 403. In his discretion, Judge Teel of the D.C. Bankruptcy Court found the subpoena to be valid. Hilliard had the opportunity to produce contrary evidence, but came forth with nothing more than mere assertions. The decision of the D.C. Bankruptcy Court is therefore affirmed.

 Hilliard also claims that the Subpoena Duces Tecum imposes on him an undue burden. Again, the onus is on the moving party to prove an undue burden. Wright & Miller, *supra*, at § 2459. Hilliard has offered no evidence to satisfy such a burden. In addition, through utilizing a shotgun approach to lawyering, Hilliard also asserts that the documents sought by the Creditor's Committee are not within his custody or control, that permission from Nevis is required to gain access to the documents, and that a previous ruling from the Indiana District Court precludes Hilliard from complying with the subpoena. No evidence whatsoever is supplied to sustain such contentions.

Mere assertions, without support or specificity, are not looked upon favorably by this court, and will, standing alone, always fail. Such is the case here. Absent evidence directing this court to do otherwise, hollow objections like the ones raised by Hilliard will not be successful.

 Lastly, Hilliard claims that documents the Creditor's Committee seeks are privileged information. Claims of privilege must be "directed toward specific documents" and "require[ ] the submission of materials with regard to which a claim of privilege is asserted." 5A James W. Moore et al., *Moore's Federal Practice* ¶ 45.09[3] (2d ed.1996). *See also In re Fish and Neave*, 519 F.2d 116, 118 (8th Cir.1975). Hilliard has provided no documentation or evidence to show which specific documents are privileged and why. This court cannot quash or modify a subpoena based on mere assertions alone. As such, Hilliard's arguments fail to sway this court.

This court has no patience for the delay tactics that are being employed by Hilliard. This case, while only three years old, has already been litigated in front of six different federal courts. In an effort to postpone the inevitable, Hilliard has contested the opposition at every turn, regardless of whether there existed any legal basis for his contentions. The frivolous arguments lacking in legal support must cease. If a potentially lawful argument can be established, Hilliard by all means has the right to adjudicate the issue in court. Mere assertions, however, lacking credible legal justifications are improper. Hilliard is advised to not unnecessarily delay these proceedings any further.

### CONCLUSION

For the reasons contained herein, this Court affirms the D.C. Bankruptcy Court orders that Hilliard undergo the Rule 2004 examination and produce the described documents in the District of Columbia. In addition, Hilliard's motion for leave to supplement the record is hereby DENIED.

SO ORDERED.