OWEN, Circuit Judge,
concurring:
I concur in the judgment only.
With great respect, I do not join Judge Smith’s opinion because it relies heavily on this court’s decision in City of New Orleans v. Municipal Administrative Services., Inc.,[1] which concerned removal under 28 U.S.C. § 1441. Our decision in McDermott International, Inc. v. Lloyds Underwriters of London[2] examined removal under 9 U.S.C. § 205, and we should adhere to that binding precedent.
This court said in McDermott that a waiver of the right to remove under § 205 must be “express”[3] or “explicit.”[4] The Supreme Court has since had occasion to consider the meaning of “explicit” in C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.[5] The issue in that case was whether an Indian Tribe had waived its sovereign immunity by agreeing to a contract with an arbitration agreement that provided for enforcement of any arbitration award “'in accordance with applicable law in any court having jurisdiction thereof.’”[6] The contract also contained a choice-of-law provision that selected “the law of the place where the Project is located,” which was Oklahoma.[7] The Supreme Court reasoned that by virtue of these provisions, “the parties ha[d] effectively consented to confirmation of the *450 award ‘in accordance with’ the Oklahoma Uniform Arbitration Act,”[8] which in turn provided that “jurisdiction to enforce the agreement vests in ‘any court of competent jurisdiction of this state.’ ”[9] The Supreme Court concluded that “[o]n any sensible reading of the Act, the District Court of Oklahoma County, a local court of general jurisdiction, fits that statutory description.”[10] The Court thus held that the tribe had waived sovereign immunity. No question of removal was raised in that case, but the decision’s rationale is instructive.
As Judge Jolly’s dissenting opinion points out, the pertinent question in C & L Enterprises for determining whether the tribe had relinquished sovereign immunity was whether the “tribe’s waiver [was] ‘clear.’ ”[11] However, in answering that question, the Supreme Court quoted from the Seventh Circuit’s decision in Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.,[12] stating that the following passage from that decision was a “cogent observation [that] holds as well for the case we confront”[13]: “The [tribal immunity] waiver ... is implicit rather than explicit only if a waiver of sovereign immunity, to be deemed explicit, must use the words ‘sovereign immunity.’ No case has ever held that.”[14] I would apply the same reasoning regarding the right to remove under 9 U.S.C. § 205.
I would not demand that to be effective, a waiver of removal rights under 9 U.S.C. § 205 must contain the word “remove” or “removal” or a reference to the statute. Our decision in McDermott imposes no such requirement, and I am unaware of any decisions to so construe 9 U.S.C. § 205. In the present case, the statement in the agreements between ENSCO and the Underwriters that disputes “shall be subject to the exclusive jurisdiction of the Courts of Dallas County, Texas” is explicit or express. The use of the word “exclusive” is well-understood. It means solely in Dallas County courts or to the exclusion of other courts that may have jurisdiction.
I accordingly agree that the Underwriters waived the right to remove, and the district court’s decision to remand should not be disturbed.

. 944 F.2d 1199 (5th Cir. 1991).

. Id. at 1209, 1211, 1213 (adopting an "express waiver rule”).

. Id. at 1209 ("There are four reasons why we will give effect only to explicit waivers of Convention Act removal rights.”); 1212 (finding "persuasive” the reasoning that a waiver of removal rights under the Foreign Sovereign Immunity Act, 28 U.S.C. § 1441(d), must be " 'explicit' ”) (quoting In re Delta America Re Ins. Co., 900 F.2d 890, 894 (6th Cir. 1990)).

. 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) ("The question presented is whether the Tribe has waived its immunity.”).

. Id. at 419.

. Id.

. Id.

. Id. at 419-20, 121 S.Ct. 1589.

. Id. at 420, 121 S.Ct. 1589.

. Id. at 418, 121 S.Ct. 1589 (citing Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tube of Okla., 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991)).

. 86 F.3d 656 (7th Cir.1996).

. C & L Enters., Inc., 532 U.S. at 420, 121 S.Ct. 1589.

. Id. at 418, 121 S.Ct. 1589 (quoting Sokaogon, 86 F.3d at 659-60).