## GENERAL PHŒNIX CORPORATION v. MALYON.

United States District Court
S. D. New York.
Dec. 13, 1949.

Glatzer, Glatzer & Diamond, New York City, for plaintiff.

Donald A. Gray, New York City, for defendants.

CONGER, District Judge.

This is a motion to remand an action to the Supreme Court of the State of New York, New York County.

The General Phoenix Corporation is a Pennsylvania corporation authorized to do business in New York. In connection with its business of finance factoring, it obtained policies of insurance from Lloyds of London which, in general, indemnified it against losses arising out of its purchase or making of loans against fictitious accounts receivable and like transactions.

The plaintiff commenced suit on the policies in the State Court against the defendant, an alien residing in England, and the latter removed the suit to this Court on October 27, 1949. There is no doubt that this Court has jurisdiction and the suit was properly removed, unless a clause contained in each of the policies affects the privilege of removal. It reads as follows: "It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

"It is further agreed that service of process in such suit may be made upon D. A. Gray, and that in any suits instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

"D. A. Gray 1, Wall Street, New York, are authorized and directed to accept service of process on behalf of Underwriters in such suit and/or upon the Assured's request to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted."

The plaintiff insists that this clause is an effective waiver in advance of suit of the privileges of removal; while the defendant argues that it is merely an agreement to submit to personal jurisdiction and would be illegal if construed in accordance with the plaintiff's suggestion.

Unquestionably, the privilege of removal may be waived. A waiver may occur in numerous ways such as a failure to make timely application, answering in the State Court, or any other fashion indicating submission to jurisdiction. Of course, the waiver is always spelled out from occurrences after commencement of suit. Whether parties may stipulate in advance to restrict removal is highly doubtful, for such an understanding would run counter to the settled idea that bargains limiting parties to particular tribunals are illegal. See Rest. Contracts, § 558; Williston on Contracts, § 1725 and cases cited. However, the clause in suit is not such a bargain. It merely restricts the defendant to the Court in which suit is first begun against it, be it Federal or State. Possibly, Lloyds intended the clause to be merely an agreement to submit to jurisdiction, as defendant suggests, but it is somewhat of a strain to find such intention, whereas the simple verbiage of the clause supports the plaintiff's view.

The defendant agreed to "* * * submit to the jurisdiction of any Court of competent jurisdiction within the United States * * *." The Supreme Court of the State of New York is such a Court and the defendant submitted to its jurisdiction by appearing on October 26, 1949.

The defendant agreed that "* * * all matters arising * * * shall be determined in accordance with the law and practice of such Court"; and "such court" could mean only the Supreme Court, to which defendant submitted. One may not determine matters in accordance with the law and practice of the Supreme Court in this Court.

Finally, the defendant agreed to "* * * abide by the final decision of such Court * * *." Removing the suit from the Supreme Court to here is not such abidance.

I believe the clause is legal and that the defendant is bound by it.

This disposition renders unnecessary consideration of defendant's application for extension of time to plead.

Motion granted.

Submit order.