**REGIS ASSOCIATES,**
**Plaintiff–Appellee,**

v.

**RANK HOTELS (MANAGEMENT)**
**LIMITED, Defendant–Appellant.**

**No. 89–1418.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1989.

Decided Jan. 23, 1990.

Stephen E. Glazek, argued, Sharon M. Woods, Susan L. Mashour, Barris, Sott, Denn & Driker, Detroit, Mich., for plaintiff-appellee.

Lori L. Tobis, Richard A. Rossman, Pepper, Hamilton & Scheetz, Detroit, Mich., Jon M. Kaufman, argued, New York City, for defendant-appellant.

Before MARTIN, JONES and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

This appeal presents two questions for review. The first is whether the remand to state court of a removal action on the basis of the district court's interpretation of a forum selection clause results in an appealable order. Since we answer this question in the affirmative, we reach the second question which involves a review of the decision reached by the district court on the interpretation of the forum selection clause. On this issue, we conclude the court erred and we shall reverse.

I.

Plaintiff, Regis Associates (Regis), entered into an agreement with defendant, Rank Hotels Limited (Rank), in which Regis employed Rank to manage the Hotel St. Regis in Detroit, Michigan. Regis is a limited partnership, formed and existing under the laws of the State of Michigan. Rank is a corporation organized under the laws of England whose principal office is in London, England. Although this agreement was entered into in 1986, it was merely an extension of a 1980 agreement among Rank, the 3071 Limited Partnership, and the St. Regis Hotel Company, the predecessor to Regis. When the 1980 agreement was being negotiated, Rank offered as a model agreement one of its standard

management agreements drafted for Rank's European operations. Consequently, the draft included a paragraph 28 entitled "Proper Law" which read:

The interpretation and application of this Agreement shall be governed by English law and the parties hereby submit to the jurisdiction of the English Courts.

In the course of negotiations, as would be expected, Regis proposed certain changes and modifications to the standard form agreement. James W. Draper, an officer in Regis, a partner in the 3071 Limited Partnership, and an attorney who specializes in property law, sent a two-page memo to Rank in which certain specific changes were requested. Relative to paragraph 28, Draper's memo read:

We would prefer to have the interpretation and application of the agreement governed by Michigan law and not by English law.

Rank later returned a revised draft in which the "Proper Law" clause, then numbered paragraph 30, had been changed to read:

The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts.

Paragraph 30 of the 1980 contract reads the same as paragraph 30 of the 1986 agreement. In 1988 a disagreement occurred between the parties resulting in Regis' termination of the contract and the institution of this lawsuit in the Wayne County Circuit Court. Rank removed the action to federal court. On November 30, 1988, Regis filed a motion to remand. Regis alleged that the forum selection clause, which provided that "the parties hereby submit to the jurisdiction of the Michigan Courts," constituted a waiver of the right to remove under the federal diversity statute.

On December 14, 1988, following oral argument on Regis' motion to remand, the district judge referred the motion to a magistrate for an evidentiary hearing, which was held on February 6, 1989. On February 23, 1989, in a written opinion, the magistrate recommended that Regis' motion to remand be granted. The magistrate determined that, in order to preserve its statutory right to remove, Rank should have inserted an explicit provision designating the federal court as an appropriate forum in which to file suit. Additionally, the magistrate concluded that Rank was the draftsman of the forum selection clause.

On March 22, 1989, at the end of a *de novo* hearing on Rank's objections to the magistrate's report and recommendation, the district judge accepted the magistrate's report and recommendation, and granted Regis' motion to remand.

## II.

Upon the filing of this appeal, Regis filed a motion to dismiss alleging that the court has no jurisdiction to hear an appeal from an order of remand. This argument is predicated upon 28 U.S.C. § 1447(d), which provides in pertinent part: "An order remanding a case to the state court from which it was removed is not reviewable on appeal...." Although section 1447(d) reads broadly, it has been narrowed by the Supreme Court and courts of appeal. In *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 590–91, 46 L.Ed.2d 542 (1976), the Court stated:

Section 1447(d) is not dispositive of the reviewability of remand orders in and of itself. That section and § 1447(c) must be construed together, as this Court has said of the predecessors to these two sections.... This means that only remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d).

Following *Thermtron*, a body of case law has developed holding that a remand order is reviewable on appeal when it is based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction. In this context, the matter of forum selection clauses has been addressed by both the Ninth and Second Circuits, which have concluded that a remand

order based on a district court's interpretation of a forum selection clause is reviewable on appeal. *See Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.,* 838 F.2d 656 (2d Cir.1988); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273 (9th Cir.1984). We agree with the analysis and decision of these cases and accordingly deny the motion to dismiss.

### III.

Having determined that the appeal is properly before us, we now turn to the forum selection clause issue. The parties are in disagreement as to the appropriate standard of review on this issue. Rank contends our review is *de novo. Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir.1987). Regis argues that we should review on a "clearly erroneous" standard. *Pelleport Investors,* 741 F.2d at 280 n. 4. The issue of the appropriate standard of review is not one free from doubt under these circumstances, but we need not resolve it since we are convinced that the findings below are clearly erroneous.

There are two findings below made by the magistrate and adopted by the district judge which were central to the decision and which we find to be erroneous. The first is that Rank had a duty to *explicitly* set forth its right to go to federal court or else face a waiver of that right. The second is that the clause in question should be construed against Rank as it was the drafter of the agreement.

The right of removal of a suit from state court to federal court is a statutory right. 28 U.S.C. § 1441. A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute. *White v. Wellington,* 627 F.2d 582, 586 (2d Cir.1980).

█ Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal. *Kiddie Rides U.S.A., Inc. v. Elektro–Mobiltechnik GMBH,* 579 F.Supp. 1476 (C.D. Ill.1984); *Capital Bank & Trust Co. v. Associated Int'l Ins. Co.,* 576 F.Supp. 1522 (M.D.La.1984).[1] The only evidence that Rank waived the right to removal here is that it did not explicitly set forth the right of removal in the forum selection clause. We find this to be of no evidentiary significance under the facts of this case. The right of removal is statutory and, generally, it is the waiver of a statutory right that must be set forth, not the intent to rely on the statute. This is particularly true here where the original document submitted by Rank obviously was just intended as a starting point for discussion and would need revision and modification. The reference in the "Proper Law" clause to the parties submitting to the "jurisdiction of the English Courts" obviously would not be acceptable to owners of a Detroit, Michigan, hotel about to enter into a contract for its management. When the change was made, the intent of the parties, and particularly Regis, was to make sure any litigation could be brought in Michigan so they would not have to travel to England to litigate. The focus was never on which court (state or federal) in Michigan but, rather, in the broadest sense, which country would be the forum for litigation. We find nothing in the language ultimately chosen that suggests any intent on the part of anyone to waive the right of removal from state to federal court.

This issue also is not resolvable by looking to the testimony of the parties as to their intent, since the testimony of one side, at best, cancels out the testimony of the other. The only way this "equilibrium of testimony" becomes relevant is if one then does what the magistrate did and declare it was the duty of Rank to specifically protect its right to removal. The magistrate arrived at the conclusion by finding that "Defendant Rank ... was responsible for the written form of the agreement and the forum selection clause." We find this conclusion to be clearly erroneous because

---

1. Since the right to challenge removals and remands on appeal is so limited, most of the case law is to be found in district court opinions.

it completely elevates form over substance. Although Rank may have penned the final draft, the critical wording of the "Proper Law" clause was the result of a request by Regis, and Regis was the principal (and arguably the only) beneficiary of the change in language. Rank, an English corporation, had no reason to object to either English law or an English forum. It was Regis that wanted this agreement to be construed under Michigan law. Even more important is the concession on the part of Rank to submit to the jurisdiction of the courts of Michigan. This eliminated any question of personal jurisdiction that might have been implicated in litigation involving a party incorporated in a foreign country. Since Regis was both the sponsor and the beneficiary of the clause in question, we see no reason or logic in resolving ambiguities against Rank, the mere scrivener.

We would also note that this whole controversy is somewhat of a tempest in a teapot given that the exact same Michigan law will be applied in the federal court as would be applied in state court. We realize that some litigants perceive certain "home court" advantages in litigating in a state court. However, this is one of the reasons why diversity jurisdiction still exists.

REVERSED and REMANDED for further proceedings consistent with this opinion.