**CITY OF ROSE CITY, et al.,**
**Plaintiffs–Appellants,**

v.

**NUTMEG INSURANCE COMPANY,**
**Defendant–Appellee.**

No. 90–4770
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 13, 1991.

Louis Dugas, Orange, Tex., for plaintiffs-appellants.

Dale Lee Trimble, Stephen P. Pate, Fulbright & Jaworski, Houston, Tex., for defendant-appellee.

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiffs Smith and Smith Materials appeal from the federal district court's refusal to remand this case to the Texas state court where it was filed. For the reasons stated below, this Court will vacate the judgment of the federal district court, and direct the federal district court to remand the case to the Texas state court.

## I. FACTS AND PROCEDURAL HISTORY

In December 1988 the plaintiffs Curtis Smith and Smith Materials Corp. (collectively, "Smith"), secured a judgment in Texas state court against Rose City in the amount of $3,500,000. Rose City assigned its rights in various policies of insurance to Smith, including its rights in a general liability policy issued to Rose City by the Nutmeg Insurance Company. Attempting to satisfy its judgment, Smith brought this action against Nutmeg in Texas state court, seeking to recover under the general liability policy issued to Rose City.[1] Nutmeg removed the case to federal district court. Smith objected to removal, and

moved for a remand of the case to the state court. Nutmeg countered with a motion for summary judgment. The federal district court denied Smith's motion to remand, and granted summary judgment in favor of Nutmeg. Smith filed a timely notice of appeal as to both the order refusing to remand the case, and the order granting summary judgment in favor of Nutmeg. In his brief, however, Smith argues only that it was error for the federal district court to refuse to remand this case to the state court.

## II. DISCUSSION

Smith's argument is a straightforward one. Smith contends that the general liability policy issued to Rose City contains an endorsement, entitled "Service of Suit," by which Nutmeg agreed to submit to the jurisdiction of the state court. That endorsement provides in part:

[i]n the event of our [Nutmeg's] failure to pay any amount claimed to be due under your [Rose City's] policy, we, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

... [I]n any suit instituted against us upon this contract, we will abide by the final decision of such Court or any Appellate Court in the event of any appeal.

The question here is whether by this endorsement Nutmeg has waived its right to remove this action from the state court where Smith filed it. Put differently, does this provision give the insured the right to choose the forum in which to try its claims against the insurer?

---

1. Smith has previously tried to collect from Nutmeg under another of Rose City's policies of liability insurance, a "claims made public entity" liability policy. Shortly after Smith initially secured its judgment against Rose City, Rose City demanded indemnification from Nutmeg under the claims made public entity liability policy. Nutmeg responded by filing a declaratory judgment action in federal district court, seeking a declaration that the claims made public entity liability policy did not cover the claim made by Smith. Smith counterclaimed. The federal district court determined that Nutmeg was not liable to Smith under the terms of the claims made public entity liability policy, and entered judgment in favor of Nutmeg. This court affirmed. *Nutmeg Ins. Co. v. City of Rose City,* 908 F.2d 969 (5th Cir.1990).

On its face the endorsement is unambiguous. It plainly requires that the insurer submit to the jurisdiction of any court of the policyholder's choosing. Nutmeg agreed to "submit to the jurisdiction of any court," to "comply with all requirements necessary to give such court jurisdiction," and to "abide by the final decision of such court." Thus, while the provision does not specifically mention the right of a defendant to remove an action from state to federal court, the language of the clause makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard.

This court has not previously been confronted with the question raised here. Similar disputes, however, have arisen in several district court cases, and those cases have uniformly held that such an endorsement waives the insurer's right to remove an action from state court. In *Capital Bank & Trust Co. v. Assoc. Int'l Ins. Co.*, 576 F.Supp. 1522, 1524 (M.D.La.1984), a federal district court in this circuit held that a substantially identical provision in the policy of insurance at issue in that case precluded the insurer from removing the action from Louisiana state court. The court explained that

> [i]f the insurer desired to reserve the right to remove to federal court after the insured chose the state in which he desired to file suit, the insurer could simply have inserted a clause stating "reserving the insurer's right to remove to federal court."

*Id.* at 1525. Invoking the familiar principle that ambiguities in contracts of insurance are to be construed against the drafter of the policy, the court determined that the endorsement precluded the insurer from removing the case. *Id.*

Similar results were reached, on the basis of similar reasoning, in *Perini v. Orion Ins. Co.*, 331 F.Supp. 453 (E.D.Calif.1971), and *General Phoenix Corp. v. Malyon*, 88 F.Supp. 502 (S.D.N.Y.1949). The *Perini* court held that "[u]ntil the clause is changed, ... the parties are entitled to expect that the clause now means what it has always meant—that 'submission' to a state tribunal precludes removal to a federal court." 331 F.Supp. at 455. Likewise, the *Malyon* court held that the provision in the policy before it "restricts the defendant to the Court in which suit is first begun against it, be it Federal or State." 88 F.Supp. at 503. In light of these consistent and well reasoned holdings, this court is persuaded that by including the "Service of Suit" endorsement in the general liability policy it issued to Rose City, Nutmeg ceded to Rose City (and therefore its assignees) the right to choose the forum in which any dispute would be heard, and has foregone its right to remove the action. As the court noted in *Capital Bank & Trust,* if Nutmeg had wished to preserve the right to remove any action filed against it in state court, it could easily have said so in the policy.

Nutmeg relies entirely on *In re Delta America Re Ins. Co.*, 900 F.2d 890 (6th Cir.1990). Nutmeg's reliance is misplaced. In *Delta America* the Sixth Circuit held that a clause very similar to the one at issue here—a clause repeatedly referred to as a "forum selection clause" in the *Delta America* opinion—was not in fact a forum selection clause, but was merely a promise to submit to the jurisdiction of some court in the United States. Whatever the merit of the Sixth Circuit's reasoning, it is not applicable here. *Delta America* arose out of an attempt by the liquidator of an insolvent insurance company to sue a number of reinsurance companies; the Sixth Circuit noted that there might be some reinsurance companies which were foreign corporations not otherwise subject to the jurisdiction of any court in the United States, so that it made some sense to hold that the "forum selection clause" was really only a clause by which the reinsurers promised to submit to the jurisdiction of some court in the United States. 900 F.2d at 893.

Here there was no question that Nutmeg would have to submit to the jurisdiction of some court in the United States. Nutmeg is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Although the question is not before us, so that we do not decide it, it seems quite likely that Nutmeg has minimum con-

tacts with Texas, and probably with other states as well. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It would have made no sense for a policyholder to bargain with Nutmeg for a clause requiring only that Nutmeg would submit to the jurisdiction of some court in the United States. Indeed, it is clear from the language of the clause at issue here that Nutmeg did not promise only to submit to the jurisdiction of *"some* Court ... within the United States," but rather promised to submit to the jurisdiction of *"any* Court ... within the United States." We are persuaded that this clause gives to the policyholder (or its assignee) the right to select the forum, foreclosing Nutmeg's right to remove this action to federal court.

### III. CONCLUSION

For the reasons stated, the judgment of the federal district court is vacated, and the case is remanded to that court. The federal district court is directed to remand the case to the Texas state court from whence it came.

VACATED AND REMANDED.