**NEWMAN/HAAS RACING, an Illinois general partnership, Plaintiff,**

v.

**UNELKO CORPORATION, an Illinois corporation, Howard G. Ohlhausen and David Ohlhausen, Defendants.**

**No. 92 C 5506.**

United States District Court, N.D. Illinois, E.D.

Feb. 1, 1993.

---

Aaron E. Hoffman, Kenneth G. Kolmin, Stephen L. Tyma, Schwartz & Freeman, Chicago, IL, for plaintiff.

Seymour Rothstein, Richard A. Clegg, Allegretti & Witcoff, Ltd., Chicago, IL, Edward M. Ranger, The Ranger Law Firm, Scottsdale, AZ, David Delie, Holahan, Malloy, Maybaugh & Monnich, Troy, MI, for defendants.

## ORDER

ALESIA, District Judge.

Plaintiff, Newman/Haas Racing ("Newman") filed this action in the Circuit Court for the Nineteenth Judicial Circuit of Lake County, Illinois against defendants Unelko Corporation ("Unelko"), Howard G. Ohlhausen, and David Ohlhausen for breach of contract. Defendants removed this action to the United States District Court for the Northern District of Illinois. Before the court is plaintiff's motion to remand this action to the Circuit Court for the Nineteenth Judicial Circuit of Lake County, Illinois. For the reasons stated below, plaintiff's motion is denied.

## I. FACTS

This is a suit for breach of contract. The plaintiff, Newman/Haas Racing, commenced an action for breach of contract against the defendants, Unelko Corporation and its President, Howard Ohlhausen, and Vice President, David Ohlhausen. Complaint, ¶¶ 1–5. Plaintiff alleges that it entered into a sponsorship agreement with defendants whereby the defendants would pay the plaintiff to affix decals bearing the name of Unelko products to its cars and the uniforms of its drivers. Complaint, ¶¶ 16–23. Plaintiff filed suit for breach of contract alleging that defendants failed to pay the negotiated amount. *Id.*

Plaintiff filed its action in the Circuit Court for the Nineteenth Judicial Circuit of Lake County, Illinois. The defendants moved pursuant to 28 U.S.C. § 1441(a) to remove the case to the United States District Court for the Northern District of Illinois on the ground that this court could have exercised original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).[1]

---

**1.** It should be noted that the caption on this case is incorrect. Defendant Unelko Corporation is

Defendants then filed in the district court their answer to plaintiff's complaint which denied that a contract was ever formed between the parties. Answer, ¶¶ 6, 8, 9, 17. Defendants also commenced an action for declaratory judgment in the Circuit Court for the County of Oakland, Michigan seeking a declaration that the sponsorship agreement is "null, void and of no effect." Plaintiff's Reply Memorandum in Support of Motion to Remand ("Plaintiff's Reply"), Exhibit A (citing complaint filed in the Circuit Court for the County of Oakland, Michigan).

Plaintiff filed this motion to remand the case to the Circuit Court for the Nineteenth Judicial Circuit of Lake County, Illinois based on two theories. First, the alleged sponsorship agreement contained a forum selection clause that plaintiff argues amounted to a waiver of the defendants' right to remove. Second, plaintiff argues that defendants cannot oppose the plaintiff's motion to remand because by filing a subsequent action for declaratory judgment in the Circuit Court for the County of Oakland, Michigan, defendants violated the common law doctrine of "mend the hold."

## II.  DISCUSSION

### A.  *Forum Selection Clause*

■ Plaintiff argues that the case should be remanded to the Circuit Court for the Nineteenth Judicial Circuit of Lake County, Illinois because the forum selection clause contained in the alleged sponsorship agreement amounts to waiver of defendants' right to remove. The defendants contend that they did not enter into the alleged contract with the plaintiffs. In the alternative, defendants argue that the forum selection provision amounts only to an agreement to litigate in Cook or Lake County Illinois, while reserving the defen-

dants' right to remove any action to the federal court in those counties. The forum selection clause provides that "[t]he parties hereto consent to venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois." Complaint, Appendix A, ¶ 9.

■ The Supreme Court has held that forum selection clauses are *prima facie* valid and should be enforced absent a showing that enforcement would be unjust or unreasonable. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). In some circumstances these clauses may act as a waiver of a defendant's right to remove an action to federal court. *Colonial Bank & Trust Co. v. Cahill*, 424 F.Supp. 1200, 1202 (N.D.Ill.1976) (defendant may expressly agree in advance to submit to the jurisdiction of any court and thereby waive the right to remove). The Court holds, however, that the language in the forum selection clause here does not constitute waiver of defendants' right to remove.

Plaintiff argues that the provision entitles whichever party commences an action under the contract to choose among any of the designated fora and to have that choice respected. Plaintiff's Reply, at 7. Plaintiff further contends that allowing removal would deprive the complainant of the benefit of that choice by giving the other party the ability to overrule it. *Id.* at 7–8. The court disagrees with this interpretation because the plain language of this clause makes clear that defendants did not waive their right to remove.[2]

■ Where the contract provides that the parties consent to the jurisdiction of state or federal court within a particular geographic region, the agreement does not constitute waiver of a defendant's right to remove. For example, in *Oberweis Dairy*,

---

an Arizona corporation, not an Illinois corporation as the caption indicates. Its principal place of business is Arizona. *See* Defendant Unelko Corporation's Submission of Documentary Evidence Regarding its State of Incorporation and Principal Place of Business, submitted pursuant to Court's Order dated December 9, 1992.

**2.** The plaintiff argues that general rules of contract construction should be used to interpret the clause whereas the defendants insist that to constitute waiver of the right to remove, the language must be "clear and unequivocal." The court need not decide what standard should govern the interpretation of the forum selection clause since the plain meaning of the clause supports the defendants' position.

*Inc. v. Maplehurst Farms, Inc.*, 1989 WL 2078, 1989 U.S.Dist. LEXIS 253 (N.D.Ill. January 10, 1989), the court denied the plaintiff's motion to remand to state court on the basis of a forum selection clause similar to the one in the instant case. *Id.*, 1989 WL 2078, at *1, 1989 U.S.Dist. LEXIS 253, at *4. That provision stated:

> The parties agree that each party may institute any action against the other arising out of or relating to this Agreement in any state or federal court of general jurisdiction in the State of Illinois and each party irrevocably submits to the jurisdiction of such courts and waives any objection he may have to either the jurisdiction or venue of such court.

*Id.* The court found that this clause meant that "any dispute between these parties will be brought in a courtroom located in Illinois and will be decided pursuant to Illinois law." *Id. See also Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390, 397 (2d Cir. 1985) (holding that "a forum selection clause that merely puts jurisdiction in either a federal or state court does not constitute ... waiver of [a foreign] sovereign's right to remove under 1441(d).\"). Thus, the provision is included for geographic convenience rather than to vest one party with the right to choose among designated fora.

■ Forum selection clauses may give plaintiffs the exclusive and decisive right to select the forum. In *Euzzino v. London & Edinburgh Insurance Company Limited*, 228 F.Supp. 431 (N.D.Ill.1964), for instance, the court found that the forum selection provision waived the defendant's right to remove. *Id.* at 433. The clause provided that "the Company, *at the request of the Assured*, will submit to the jurisdiction of any court of competent jurisdiction within the United States....\" *Id.* (emphasis added). In finding that the defendant waived the right to remove, the court focused on language vesting in the plaintiff the right to choose a particular court. *Id.* Such vesting language is absent here.

In the instant case, the forum selection provision is more like the one in *Oberweis Dairy* than the clause in *Euzzino*. It is more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose. Therefore, the language does not limit the defendants to the plaintiff's choice of forum; rather, it precludes the defendants from litigating outside of Northern Illinois, the location of plaintiff's principal place of business. The provision represents a recognition by the parties that, because of their contacts with the state, Illinois is an appropriate venue for litigation between the parties.[3]

Accordingly, the language of the forum selection clause will not be deemed an express or implied waiver of the right of removal. Since the contract provision does not amount to a waiver of the right to remove, the court need not address at this stage of the litigation defendants' argument that no contract has been formed.

**B.** *Mend the Hold Doctrine*

■ Plaintiff also contends that defendants are barred from opposing plaintiff's motion to remand to state court under the common law doctrine of "mend the hold." Defendants filed a declaratory judgment action in the Circuit Court for the County of Oakland, Michigan to litigate the validity of the contract at issue here. Plaintiff argues that by filing an action in Michigan state court while simultaneously litigating the same issue in the federal court in Illinois, defendants violated the common law doctrine of "mend the hold."[4] The plain-

---

3. The court believes this is the most reasonable interpretation of the provision. Even if subject to two reasonable interpretations, however, the clause must be construed against the drafting party, plaintiff Newman/Haas. Complaint, at ¶ 16. *See, e.g., Links Design, Inc. v. Lahr*, 731 F.Supp. 1535, 1536 (M.D.Fla.1990).

4. The declaratory judgment action was filed by the defendant in the Circuit Court for the County of Oakland, Michigan. The plaintiff removed the action to the United States District Court for the Eastern District of Michigan where Judge Avery Cohn ordered that the case be transferred to this District. Plaintiff's argument is unaffected by this transfer because its argument is based on the defendants' act of filing the action in the

tiff argues that defendants have subjected themselves to the compulsory counterclaim rule pursuant to Federal Rule of Civil Procedure 13(a) by removing this case to federal court. Since the declaratory judgment action in the Circuit Court for the County of Oakland, Michigan concerns the same transaction or occurrences at issue here, plaintiff argues that defendants should have brought that action as a compulsory counterclaim in the present case. Plaintiff's Reply, at 8–9.

 The "mend the hold" doctrine "limits the right of a party to a contract suit to change his litigating position." *Harbor Insurance Co. v. Continental Bank Corp.*, 922 F.2d 357, 362 (7th Cir.1990). "[W]here a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold." *Id.* (quoting *Railway Co. v. McCarthy*, 96 U.S. 258, 267–68, 24 L.Ed. 693 (1877)). The doctrine is based on "considerations of good faith and ethical obligations in contract regulations." *Id.* at 363. *See also Gibson v. Brown*, 214 Ill. 330, 341, 73 N.E. 578, 582 (1905) ("mend the hold" doctrine precludes introduction of new grounds for refusal to perform the contract).

The doctrine of "mend the hold" is inapplicable to the case at bar because the defendants have not changed their litigating position. The defendants' decision to file a declaratory judgment action in the Circuit Court for the County of Oakland, Michigan is not inconsistent with the arguments defendants have advanced in this action or their desire to maintain the instant action in the U.S. District Court for the Northern District of Illinois. Neither does the decision establish that defendants are "eager to be in a state court". Plaintiff's Reply, at 9. The court will not remand the case to the Circuit Court for the Nineteenth Judicial Circuit of Lake County, Illinois because the plaintiff has concluded

Michigan state courts, not the existence of con-

that "[d]efendants will be well served in that forum." *Id.*

## III. CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand this action to state court is denied.