**The PROVIDENT BANK, Plaintiff,**

v.

**Franklin Bernard BECK, Defendant.**

**No. C–1–96–510.**

United States District Court,
S.D. Ohio,
Western Division.

Nov. 22, 1996.

Frank J. Veneziano, John R. Wirthlin, Legal Department Provident Bank, Cincinnati, OH, for plaintiff.

Paul Joseph Vesper, Covington, KY, for defendant.

**ORDER**

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's memorandum in opposition to Defendant's notice of removal (doc. 4). Defendant did not reply.

Plaintiff, The Provident Bank, filed this action in the Court of Common Pleas in Hamilton County, Ohio, on May 13, 1996. Defendant, Franklin Bernard Beck, filed a notice of removal on May 17, 1996, pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction. In the Complaint, Plaintiff alleges that Defendant owes a sum of money in the amount of $96,085.02 pursuant to a promissory note and an Unconditional Guaranty Agreement. Plaintiff asserts in the Complaint that it is a "banking association duly

organized and existing under the laws of the State of Ohio, having an office in Cincinnati, Hamilton County, Ohio." In the notice of removal, Defendant asserts he is a resident and citizen of Kentucky.

Plaintiff filed a memorandum in opposition to Defendant's notice of removal. We construe this memorandum as a motion for remand.

■ On a motion for remand, the question is whether the district court lacks subject matter jurisdiction; in other words, the issue is whether the case was properly removed in the first instance. 28 U.S.C. § 1447(c); 14A Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3739, at 580 (2d ed. 1985) (the court is limited to "the question of its authority to hear the case pursuant to the removal statute.").

■ It appears from the face of the Complaint and the notice of removal that diversity jurisdiction exists. Plaintiff, argues that Defendant waived his right to remove based on the language of the Unconditional Guaranty which is the subject of the Complaint.

The Unconditional Guaranty signed by Defendant provides in relevant part,

The undersigned hereby designate(s) all courts of record sitting in Cincinnati, Ohio and having jurisdiction over the subject matter, state and federal, as forums where any action, suit or proceeding in respect of or arising from or out of this guaranty, its making, validity or performance, may be prosecuted as to all parties, their successors and assigns, and by the foregoing designation the undersigned consent(s) to the jurisdiction and venue of such courts.

■ According to the Sixth Circuit, "[a]lthough the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.,* 894 F.2d 193, 195 (6th Cir.1990). "[A]ny claimed waiver of the right of removal stemming from contractual language must be explicit. It is easy enough to provide that, if a state court is selected as a forum, that no right of removal attaches. There is no reason why courts should have to wrestle with these interpretative questions when the contracting parties can easily deal with the problem themselves." *In re Delta America Re Ins. Co.,* 900 F.2d 890, 894 (6th Cir.1990).

We find that the Unconditional Guaranty does not provide an explicit waiver of the right of removal. *See Regis Assocs.,* 894 F.2d at 194 (holding the clause which provides, "The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts" does not evidence a waiver of the right of removal); *In re Delta America Re Ins. Co.,* 900 F.2d at 892 (holding the clause which provides "It is agreed ... the Reinsurers ..., at the request of the Elkhorn will submit to the jurisdiction of any court of competent jurisdiction within the United States...." does not explicitly waive the right of removal).

Additionally, in a case with a very similar clause as the one in this case, the Northern District of Illinois held that "[w]here the contract provides that the parties consent to the jurisdiction of state or federal court within a particular geographic region, the agreement does not constitute waiver of a defendant's right to remove." *Newman/Haas Racing v. Unelko Corp.,* 813 F.Supp. 1345, 1347 (N.D.Ill.1993) (the forum selection clause provided that "[t]he parties hereto consent to venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois.").

Accordingly, we DENY Plaintiff's motion for remand.

SO ORDERED.