# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

-----

No. 00-20519

-----

LOUIS A. WATERS,

Plaintiff/Counter-Defendant/Appellee

versus

BROWNING FERRIS INDUSTRIES, INC.,

Defendant/Counter-Claimant/Appellant

-----

Appeal from the United States District Court
For the Southern District of Texas

-----

June 8, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and HEAD[*], District Judge.

HEAD, District Judge:

　　Louis A. Waters was employed by Browning-Ferris Industries, Inc. ("BFI") from 1969 to 1999. In July of 1999, Allied Waste Industries, Inc. acquired BFI, and Waters effectively retired. Under a November 1, 1991, Amended and Restated Agreement Respecting Employment between Waters and BFI, Waters became entitled to receive an

-----

[*]　　District Judge of the Southern District of Texas, sitting by designation.

Annual Retirement Payment. A dispute arose between Waters and BFI over the proper calculation of Waters' retirement compensation.

To resolve the dispute, Waters filed suit in the 23rd Judicial District Court of Wharton County, Texas. Alleging diversity of citizenship and federal question jurisdiction, BFI removed to the United States District Court for the Southern District of Texas, Houston Division. Waters moved to remand based on a forum selection provision in the contract. The district court agreed with Waters that BFI had waived its right of removal and remanded the case to Wharton County. BFI has appealed the district court's decision to remand. Finding that the forum selection clause gives Waters the unambiguous right to choose the forum to hear his dispute, we affirm.

Although the parties have not questioned the jurisdiction of the court to review the remand order, it is always appropriate for us to confirm our jurisdiction. *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir. 2001). Remand orders are frequently not the subject of appellate review because district courts frequently remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. When a district court remands a suit relying on a contractual forum selection clause, that decision is not based on lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review. *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199, 1201 (5th Cir. 1991). Contractual remand orders are reviewable by direct appeal. *Id*. at 1204.

A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the "right to choose the

2

forum" in which any dispute will be heard. *City of Rose City v. Nutmeg Insurance Co.*,

931 F.2d 13, 16 (5th Cir. 1991), *cert. denied*, 502 U.S. 908 (1991). The district judge

relied on this principle when she rejected BFI's claims that it maintained control over the

court where Waters' suit could be heard. The provision of the contract at issue is:

> Company consents with respect to any action, suit or other legal proceeding
> pertaining directly to this Agreement or to the interpretation of or
> enforcement of any Employee's rights hereunder, to service of process in
> the State of Texas and appoints CT Corporation System, 811 Dallas
> Avenue, Houston, Texas 77002 or such other agent within Houston, Texas
> as shall be designated by Company in a written notice to Employee, as its
> agent, in such state for such purpose. Company irrevocably (i) agrees that
> any such suit, action, or legal proceeding may be brought in the courts of
> such state or the courts of the United States for such state, (ii) consents to
> the jurisdiction of each such court in any such suit, action or legal
> proceeding and (iii) waives any objection it may have to the laying of venue
> of any such suit, action or legal proceeding in any of such courts.

BFI contends that this clause is ambiguous and provides Waters only the initial choice of

where he may file his suit. Acknowledging that a waiver of its removal rights does not

have to include explicit words, such as "waiver of right of removal," *see, e.g., Nutmeg*,

931 F.2d at 15; *Gen. Phoenix Corp. v. Maylon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949);

*Perini Corp. v. Orion Ins. Co.*, 331 F. Supp. 453, 454-55 (E.D. Cal. 1971), BFI finds

comfort in this court's interpretation of the forum selection clause in *McDermott*, a

decision in which this court denied remand. *McDermott*, 944 F.2d at 1200.

     *McDermott*, a decision made after *Nutmeg*, is factually distinct from our case. In

*McDermott*, the court found ambiguity in the contract because the contract contained an

arbitration clause in addition to a service of suit clause. *McDermott*, 944 F.2d at 1205.

3

The court was forced to examine not only a service of suit clause, which was advanced as a forum selection clause, but also an arbitration clause. *Id.* The interplay of these two provisions created an ambiguity that did not allow the court to hold that the plaintiff had the right to choose the forum in which the dispute would be heard. *Id.* There is no such competing clause in the BFI contract, and we rely exclusively on the one provision at issue.

A reading of this provision leads this court to the inescapable conclusion that the plaintiff negotiated with the defendant a clear right to establish "irrevocably" the place where his suit could be filed and heard. Reading each of the three clauses together, it is apparent that BFI (1) agreed that Waters may sue it in any court of Texas, (2) consented to the jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas, including the 23rd Judicial District Court of Wharton County, Texas. A successful removal by defendant of this case from the Wharton County District Court to the United States District Court, Houston, Texas, would revoke plaintiff's choice to have his case heard by a judge and jurors in and of Wharton County and would deprive plaintiff of the benefits and conveniences he apparently sees in bringing suit in Wharton County. The court is not free to relieve BFI of its contractual waiver of jurisdiction and venue in Wharton County, Texas.

For the foregoing reasons, this court affirms the district court's interpretation of this clause to be a forum selection clause in which the plaintiff has the right to choose the forum in which to bring his suit against the defendant.

4

AFFIRMED.

EMILIO M. GARZA, Circuit Judge, dissenting.

We can distill this case down to one key legal question: did Browning-Ferris Industries ("BFI") unambiguously waive its right to remove to federal court? After reading the contract between BFI and Louis A. Waters ("BFI/Waters Contract"), I believe that BFI consented to only personal jurisdiction and venue in Texas courts. The contract simply does not address whether the suit should be adjudicated ultimately in federal or state court. At the very least, the contract is ambiguous about BFI's right of removal, thus precluding us from finding a waiver of such a right. I cannot agree with the majority that the contract unequivocally waives the right to remove to federal court.

Courts have held that a party may contractually waive its right of removal as long as it does so explicitly and unequivocally. *See McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1206 (5th Cir. 1991) (holding that a party must "explicitly" waive such a right); *Regis Assoc. v. Rank Hotel (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) ("[T]he case law makes it clear that such waiver must be clear and unequivocal"); *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) ("Waiver of the right to remove must be 'clear and unequivocal'").

The majority relies on our opinion in *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991) to hold that BFI unambiguously waived its right to remove the case to federal court. In *Nutmeg*, the disputed contract stated that Nutmeg "agree[s] to submit to the jurisdiction of *any* Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court." *Id.* at 15 (quoting the contract) (emphasis added). Notably, the contract did not mention that Nutmeg submitted to the

-6-

jurisdiction of a court in any specific state or particular region.  We rejected Nutmeg's argument

that it only consented to personal jurisdiction, holding that the only reasonable interpretation of

the expansive language of the contract was that Nutmeg had waived its right of removal.

I believe the BFI/Waters Contract is substantially different from the one in *Nutmeg*.  I read

it as consenting to only the geographical location of the lawsuit without addressing the right of

removal.  The contract reads:

> G. (i) Company [BFI] consents with respect to any action, suit or other legal proceeding . . . to service of process in the *State of Texas* and appoints CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002 or such other agent in Houston, Texas as shall be designated by Company in a written notice to Employee [Waters], as its agent, in *such state* for such purpose.  Company irrevocably (i) agrees that any such suit, action or legal proceeding may be brought in the courts of *such state* or the courts of the United States for *such state*, (ii) consents to the jurisdiction of each *such court* in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of *such courts.*
>
> (ii) This Agreement shall be construed in accordance with and governed for all purposes by the laws of the State of Texas (emphasis added).

The clear thrust of this section is that any litigation should be filed and adjudicated in Texas: BFI

consents to personal jurisdiction in Texas courts, waives any venue change to another state, and

agrees to have Texas law govern any dispute.[**]

This stands in contrast with the *Nutmeg* contract, which does not share the BFI/Waters

Contract's emphasis on the geographical location of the forum.  First, the *Nutmeg* contract

submitted jurisdiction to "any" court, while the BFI/Waters Contract refers only to Texas courts.

Second, the *Nutmeg* contract did not mention venue or any specific state, whereas the BFI/Waters

Contract explicitly waives any venue change outside of Texas.  We held that the contract in

---

[**]     Even if the majority disagrees with this reading of the contract, I believe that this interpretation is plausible, if not reasonable.

*Nutmeg* unambiguously waived the right of removal because "[i]t would have made no sense for a policyholder to bargain with Nutmeg for a clause requiring *only* that Nutmeg would submit to the jurisdiction of some court in the United States" when it was obvious that Nutmeg had minimum contacts in many states. *Id.* at 15-16 (emphasis added). In this case, Waters had the incentive to bargain for BFI's consent to litigate disputes in a court in his home state. For example, as a Delaware-incorporated company that conducts business in several states, BFI could have tried to transfer the venue to a different state and contest personal jurisdiction, thereby inconveniencing Waters, a Texas resident.[***] This contract precludes such tactical maneuvering.

Several courts have emphasized that a party can contractually consent to jurisdiction and/or venue in a particular state or region without waiving its right of removal. The Sixth Circuit found no waiver in a contract that stipulated that the "interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts." *Regis*, 894 F.2d at 194. It held that the waiver was not unequivocal, and read the contract as only consenting to personal jurisdiction. *See also Autoridad De Energia Electrica De Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 18 (1st Cir. 2000) (finding no waiver in a contract stating that "the parties agree to submit to the jurisdiction of the courts of Commonwealth of Puerto Rico").

I find *Newman/Haas Racing v. Unelko Corp.*, 813 F.Supp. 1345 (N.D. Ill. 1993) particularly instructive. The contract in that case had language similar to that of the BFI/Waters Contract: it stated that the parties could file suit "in *any state or federal court* of general

---

[***] As a side note, BFI had moved its headquarters to Arizona by the time Waters had filed his suit. The BFI/Waters Contract would have precluded BFI from transferring the venue to Arizona.

jurisdiction in the State of Illinois and each party *irrevocably* submits to the jurisdiction of such courts and *waives* any objection he may have to either the *jurisdiction or venue of such court*." *Id.* at 1348 (emphasis added). The court rejected the argument that this provision waived the right of removal: "It is more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose. Therefore, the language does not limit the defendants to the plaintiff's choice of forum; rather, it precludes the defendants from litigating outside of Northen Illinois." *Id.* I believe the BFI/Waters Contract—with its reference to personal jurisdiction, venue and a particular state—more closely resembles the contract in *Newman/Haas* than the one in *Nutmeg*.

Similarly, the court in *Little League Baseball, Inc. v. Welsh Publ'g Group, Inc.*, 874 F.Supp. 648, 655 (M.D. Pa. 1995), found no waiver in a contract that provided that the agreement "shall be construed in accordance with the laws of the State of Pennsylvania in the Court of Common Pleas of Lycoming County. All parties hereto consent to jurisdiction and venue in the State of Pennsylvania." The court explained, "The first sentence is merely a statement that the law of Pennsylvania, as construed by the Court of Common Pleas of Lycoming County, applies for purposes of interpreting the contract. . . . The second sentence indicates that the parties consent to jurisdiction and venue within the Commonwealth of Pennsylvania. An action filed consistent with this provision may be removed. This provision cannot be read as specifically providing a waiver of the right to removal." *See id.* (internal citations omitted). Numerous other cases have concurred with this analysis.[****]

_____

[****] *See Provident Bank v. Beck*, 952 F.Supp. 539, 540 (S.D. Ohio 1996) (finding no waiver in a contract that said that parties designate "all courts of record sitting in Cincinnati, Ohio and having jurisdiction over the subject matter, state and federal, as forums where any action, suit,

-9-

At the very least, I believe the contract is ambiguous as to BFI's right of removal. We held in *McDermott Int'l,* 944 F.2d at 1206, that a contract did not waive the defendant's right to remove because it did not explicitly and unambiguously waive such a right. We noted that the "exercise of [the defendant's] federal removal right is not necessarily inconsistent with any of its obligations under the service-of-suit clause. [The defendants] may remove a case after submitting to the jurisdiction of Louisiana's courts." *Id.* The majority discounts the holding of *McDermott*, arguing that the presence of an arbitration provision in the contract, along with the service-of-suit provision, caused the ambiguity. The majority opinion notes that the BFI/Waters Contract does not contain an arbitration clause. I think the majority reads *McDermott* too narrowly. We never said that only an arbitration provision could render ambiguous this type of contract. Rather, *McDermott* stands for the general proposition that we refuse to read a waiver of a defendant's removal right unless the contract unambiguously states it. Here, I believe that the language of the contract itself is sufficiently ambiguous to foreclose the waiving of BFI's right to remove to federal court.

---

or proceeding . . . may be prosecuted . . . [and the parties] consent[] to the jurisdiction and venue of such courts"); *Amerilink Corp. v. Cerco, Inc.*, No. 4:95CV1498-DJS, 1996 WL 238525, at *1 (E.D. Mo. May 3, 1996) (finding no waiver in a contract that stated that the parties "agree to submit to the exclusive jurisdiction and venue of any federal, state or local court within the state of Missouri with respect to any claim, dispute or suit"); *Thomas v. National Canada Finance Corp.*, No. 94-C-4136, 1995 WL 54479, at *2 (N.D. Ill. Feb. 7, 1995) (finding no waiver in a contract that stated, "The undersigned agrees that all legal actions or proceedings . . . may be brought in the counties of Cook or Will in the State of Illinois and waives . . . jurisdiction of the person or venue of such court"); *Periodical Graphics, Inc. v. Spitz*, 1994 WL 502506, No. CIV. A. 94-CV-3286, at *1 (E.D. Pa. Sept. 14, 1994) (finding no waiver in a contract that stated that the "Employee irrevocably and unconditionally agrees that . . . an action may be commenced . . . in any federal or state court of competent jurisdiction sitting in Philadelphia or Montgomery County, Pennsylvania . . . The Employee hereby waives . . . any objection . . . to such jurisdiction or to the laying of the venue of any such suit").

-10-

I respectfully dissent.