EMILIO M. GARZA, Circuit Judge,
dissenting:
We can distill this case down to one key legal question: did Browning-Ferris Industries (“BFI”) unambiguously waive its right to remove to federal court? After reading the contract between BFI and Louis A. Waters (“BFI/Waters Contract”), I believe that BFI consented to only personal jurisdiction and venue in Texas courts. The contract simply does not address whether the suit should be adjudicated ultimately in federal or state court. At the very least, the contract is ambiguous about BFI’s right of removal, thus precluding us from finding a waiver of such a right. I cannot agree with the majority that the contract unequivocally waives the right to remove to federal court.
Courts have held that a party may contractually waive its right of removal as long as it does so explicitly and unequivocally. See McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1206 (5th Cir.1991) (holding that a party must “explicitly” waive such a right); Regis Assoc. v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 195 (6th Cir.1990) (“[T]he case law makes it clear that such waiver must be clear and unequivocal”); Weltman v. Silna, 879 F.2d 425, 427 (8th Cir.1989) (“Waiver of the right to remove must be ‘clear and unequivocal’ ”).
The majority relies on our opinion in City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13 (5th Cir.1991) to hold that BFI unambiguously waived its right to remove the case to federal court. In Nutmeg, the disputed contract stated that Nutmeg “agree[s] to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such *799 Court.” Id. at 15 (quoting the contract) (emphasis added). Notably, the contract did not mention that Nutmeg submitted to the jurisdiction of a court in any specific state or particular region. We rejected Nutmeg’s argument that it only consented to personal jurisdiction, holding that the only reasonable interpretation of the expansive language of the contract was that Nutmeg had waived its right of removal.
I believe the BFI/Waters Contract is substantially different from the one in Nutmeg. I read it as consenting to only the geographical location of the lawsuit without addressing the right of removal. The contract reads:
G. (i) Company [BFI] consents with respect to any action, suit or other legal proceeding ... to service of process in the State of Texas and appoints CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002 or such other agent in Houston, Texas as shall be designated by Company in a written notice to Employee [Waters], as its agent, in such state for such purpose. Company irrevocably (i) agrees that any such suit, action or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.
(ii) This Agreement shall be construed in accordance with and governed for all purposes by the laws of the State of Texas (emphasis added).
The clear thrust of this section is that any litigation should be filed and adjudicated in Texas: BFI consents to personal jurisdiction in Texas courts, waives any venue change to another state, and agrees to have Texas law govern any dispute.[1]
This stands in contrast with the Nutmeg contract, which does not share the BFI/Waters Contract’s emphasis on the geographical location of the forum. First, the Nutmeg contract submitted jurisdiction to “any” court, while the BFI/Waters Contract refers only to Texas courts. Second, the Nutmeg contract did not mention venue or any specific state, whereas the BFI/Waters Contract explicitly waives any venue change outside of Texas. We held that the contract in Nutmeg unambiguously waived the right of removal because “[i]t would have made no sense for a policyholder to bargain with Nutmeg for a clause requiring only that Nutmeg would submit to the jurisdiction of some court in the United States” when it was obvious that Nutmeg had minimum contacts in many states. Id. at 15-16 (emphasis added). In this case, Waters had the incentive to bargain for BFI’s consent to litigate disputes in a court in his home state. For example, as a Delaware-incorporated company that conducts business in several states, BFI could have tried to transfer the venue to a different state and contest personal jurisdiction, thereby inconveniencing Waters, a Texas resident.[2] This contract precludes such tactical maneuvering.
Several courts have emphasized that a party can contractually consent to jurisdiction and/or venue in a particular state or region without waiving its right of removal. The Sixth Circuit found no waiver in a contract that stipulated that the “interpre *800 tation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts.” Regis, 894 F.2d at 194. It held that the waiver was not unequivocal, and read the contract as only consenting to personal jurisdiction. See also Autoridad De Energia Electrica De Puerto Rico v. Ericsson Inc., 201 F.3d 15, 18 (1st Cir.2000) (finding no waiver in a contract stating that “the parties agree to submit to the jurisdiction of the courts of Commonwealth of Puerto Rico”).
I find Newman/Haas Racing v. Unelko Corp., 813 F.Supp. 1345 (N.D.Ill.1993) particularly instructive. The contract in that case had language similar to that of the BFI/Waters Contract: it stated that the parties could file suit “in any state or federal court of general jurisdiction in the State of Illinois and each party irrevocably submits to the jurisdiction of such courts and waives any objection he may have to either the jurisdiction or venue of such court.” Id. at 1348 (emphasis added). The court rejected the argument that this provision waived the right of removal: “It is more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose. Therefore, the language does not limit the defendants to the plaintiffs choice of forum; rather, it precludes the defendants from litigating outside of Northen Illinois.” Id. I believe the BFI/Waters Contract — with its reference to personal jurisdiction, venue and a particular state — more closely resembles the contract in Newman/Haas than the one in Nutmeg.
Similarly, the court in Little League Baseball, Inc. v. Welsh Publ’g Group, Inc., 874 F.Supp. 648, 655 (M.D.Pa.1995), found no waiver in a contract that provided that the agreement “shall be construed in accordance with the laws of the State of Pennsylvania in the Court of Common Pleas of Lycoming County. All parties hereto consent to jurisdiction and venue in the State of Pennsylvania.” The court explained, “The first sentence is merely a statement that the law of Pennsylvania, as construed by the Court of Common Pleas of Lycoming County, applies for purposes of interpreting the contract.... The second sentence indicates that the parties consent to jurisdiction and venue within the Commonwealth of Pennsylvania. An action filed consistent with this provision may be removed. This provision cannot be read as specifically providing a waiver of the right to removal.” See id. (internal citations omitted). Numerous other cases have concurred with this analysis.[3]
*801 At the very least, I believe the contract is- ambiguous as to BFI’s right of removal. We held in McDermott Int’l, 944 F.2d at 1206, that a contract did not waive the defendant’s right to remove because it did not explicitly and unambiguously waive such a right. We noted that the “exercise of [the defendant’s] federal removal right is not necessarily inconsistent with any of its obligations under the service-of-suit clause. [The defendants] may remove a case after submitting to the jurisdiction of Louisiana’s courts.” Id. The majority discounts the holding of McDermott, arguing that the presence of an arbitration provision in the contract, along with the service-of-suit provision, caused the ambiguity. The majority opinion notes that the BFI/Waters Contract does not contain an arbitration clause. I think the majority reads McDermott too narrowly. We never said that only an arbitration provision could render ambiguous this type of contract. Rather, McDermott stands for the general proposition that we refuse to read a waiver of a defendant’s removal right unless the contract unambiguously states it. Here, I believe that the language of the contract itself is sufficiently ambiguous to foreclose the waiving of BFI’s right to remove to federal court.
I respectfully dissent.

. Even if the majority disagrees with this reading of the contract, I believe that this interpretation is plausible, if not reasonable.

. As a side note, BFI had moved its headquarters to Arizona by the time Waters had filed his suit. The BFI/Waters Contract would have precluded BFI from transferring the venue to Arizona.

. See Provident Bank v. Beck, 952 F.Supp. 539, 540 (S.D.Ohio 1996) (finding no waiver in a contract that said that parties designate "all courts of record sitting in Cincinnati, Ohio and having jurisdiction over the subject matter, state and federal, as forums where any action, suit, or proceeding ... may be prosecuted ... [and the parties] consent[ ] to the jurisdiction and venue of such courts”); Amerilink Corp. v. Cerco, Inc., No. 4:95CV1498-DJS, 1996 WL 238525, at *1 (E.D.Mo. May 3, 1996) (finding no waiver in a contract that stated that the parties "agree to submit to the exclusive jurisdiction and venue of any federal, state or local court within the state of Missouri with respect to any claim, dispute or suit”); Thomas v. National Canada Finance Corp., No. 94-C-4136, 1995 WL 54479, at *2 (N.D.Ill. Feb. 7, 1995) (finding no waiver in a contract that stated, "The undersigned agrees that all legal actions or proceedings ... may be brought in the counties of Cook or Will in the State of Illinois and waives ... jurisdiction of the person or venue of such court”); Periodical Graphics, Inc. v. Spitz, 1994 WL 502506, No. CIV. A. 94-CV-3286, at *1 (E.D.Pa. Sept. 14, 1994) (finding no waiver in a contract that stated that the "Employee irrevocably and unconditionally agrees that ... an action may be commenced ... in any federal or state court of competent jurisdiction sitting in Philadelphia or Montgomery County, Pennsylvania ... The Employee hereby waives ... any objection ... to such jurisdiction or to the laying of the venue of any such suit”).