Ronnie Lee ABBOTT, et al., Plaintiffs,

v.

A–BEST PRODS. CO.,
et al., Defendants.

Civil Action No. 5:2000CV86.

United States District Court,
N.D. West Virginia,
Martinsburg Division.

Nov. 15, 2000.

Carl N. Frankovitch, Frankovitch, Anetakis, Colantonio & Simon, Weirton, WV, Mark T. Wade, Wade, Osterhout & Casey, LLP, Allison Park, PA, for Plaintiffs.

Glenn A. Huetter, Jr., William & Arnold, Pittsburgh, PA, James J. MacCallum, Shaffer & Shaffer, Madison, WV, Stephen R. Mlinac, Dickie, McCamey & Chilcote, Pittsburgh, PA, David K. Hendrickson, Hendrickson & Long, Charleston, WV, Eric K. Falk, Davies, McFarland & Carroll, PC, Pittsburgh, PA, Richard C. Polley, Dickie, McCamey & Chilcote, Pittsburgh, PA, John J. Repcheck, Sharlock, Repcheck & Mahler, Pittsburgh, PA, Matthew R. Wimer, Wimer Law Offices, P.C., Oakmont, PA, Albert H. Parnell, Hawkins & Parnell, Atlanta, GA, James D. Lamp, Lamp, O'Dell, Bartram & Entsminger, Huntington, WV, S. Douglas Adkins, Mundy & Adkins, Huntington, WV, John J. Kurowski Law Firm, Belleville, IL, Charles S. Warren, Heintzam, Warren, Wise & Fornella, PC, Pittsburgh, PA, C. James Zeszutek, Thorp, Reed & Armstrong, Pittsburgh, PA, Lester C. Hess, Jr., Jeffrey R. Miller, Bachmann, Hess, Bachmann & Garden, Wheeling, WV, Joseph S. Beeson, Robinson & McElwee, Charleston, WV, William I. Flesher, Flesher & Flesher, Huntington, WV, Jack N. Sibley, Hawkins & Parnell, Atlanta, GA, Charles F. Bagley, III, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, WV, Ollie M. Harton, Hawkins & Parnell, Atlanta, GA, Michael B. Victorson, A. L. Emch, Lynn Oliver Frye, Jackson & Kelly, Charleston, WV, Larry W. Blalock, Jackson & Kelly, Wheeling, WV, Debra H. Scudiere, Furbee, Amos, Webb & Critchfield, Morgantown, WV, Steven R. Hardman, Bowles, Rice, McDavid, Graff & Love, Parkersburg, WV, Scott A. Matthews, Pittsburgh, PA, Roy D. Barker, Jr., Jon B. Orndorff, Baker, Lancianese, Campbell & Conaty, Huntington, WV, Nora Barry Fischer, Pietragallo, Bosick & Gordon, Pittsburgh, PA, Robert P. Martin, Bastien & Martin, Charleston, WV, Andy Adonitis, Grogan, Graffam, McGinley & Lucchino, PC, Pittsburgh, PA, Joni Mangino, Zimmer, Kunz, PC, Pittsburgh, PA, Dennis Mulvihill, James L. Welsh, III, Robb, Leonard & Mulvihill, Pittsburgh, PA, Daniel A. Oliver, Kay, Casto & Chaney, Morgantown, WV, George J. Anetakis, Frankovitch, Etakis, Colantonio & Simon, Weirton, WV, Stephen P. Goodwin, Goodwin & Goodwin, Charleston M. Love, III, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, Susan Coco, Jude & Coco, PA, Hattiesburg, MS, Dwight E. Tarwater, Paine, Swiney & Tarwater, Knoxville, TN, Robert M. Losey, Huntington, WV, Eric M. James, Spilman, Thomas & Battle, Charleston, WV, Kathy Condo, Reed, Smith, Shaw & McClay, Pittsburgh, PA, Stephen M. Fowler, Pullin, Knopf, Fowler & Flanagan, Charleston, WV, Bruce Bishop, Wilcox & Savage, Norfolf, VA, Richard L. Forman, Forman, Perry, Watkins & Kutz, Jackson, MS, Michael J. DelGiudice, Ciccarello, DelGiudice & LaFon, Charleston, WV, John R. Hoblitzell, Kay, Casto & Chaney, PLLC, Charleston, WV, Richard E. Bliss, Rosenberg, Kirshner, P.A., Pittsburgh, PA, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

BROADWATER, District Judge.

Currently pending before the Court is

plaintiffs' motion to remand.[1] This motion presents the following issue of first impression within the Fourth Circuit: whether the time of (1) filing the lawsuit or (2) the events giving rise to the civil action determine when a defendant is a foreign state within the meaning of the Foreign Sovereign Immunities Act (FSIA).[2] For the reasons set forth below, the Court **GRANTS** the motion to remand.

## I. BACKGROUND

This is a civil action involving over three thousand plaintiffs and over fifty defendants for asbestos-related injuries. The facts and procedure relevant to this motion are as set forth in the following time line of relevant events:

1. On or about and continuing from the 1920's, the plaintiffs were exposed to asbestos.

2. On or about 1980, Canada had an ownership interest in defendant Atlas Turner, Inc. (AT).

1. Doc. # 9.

2. 28 U.S.C. § 1602, et seq. (1994 & Supp. 2000).

3. AT removed this civil action to the Wheeling Division of the Northern District of West Virginia. Doc. # 1. The matter was subsequently transferred to the Martinsburg Division of the Northern District of West Virginia. Doc. # 5.

4. 28 U.S.C. § 1441(d) (1994).

5. Id. § 1603(a) & (b)(2); see also Saudi Arabian Airlines Corp. v. Tamimi (In re Tamimi ), 176 F.3d 274, 278 (4th Cir.1999) ("Saudi is a corporation wholly owned by the country of Saudi Arabia and, therefore, is a 'foreign state' under the FSIA.").

6. See Jondavid S. DeLong, Annotation, Time for Determining Whether Entity is "Foreign State" for Purposes of Foreign Sovereign Immunities Act (28 U.S.C.A. §§ 1330, 1332, 1391, 1441, 1602 et seq.), 120 A.L.R. Fed. 537 (1994 & Supp.2000).

However, inBelgrade v. Sidex Int'l Furniture Corp., 2 F.Supp.2d 407 (S.D.N.Y.1998) the court held that the courts are not divided on this issue. Id. at 412 ("Although these cases at first appear inconsistent, they can be wo-

3. On or about 1990, Canada ceased its ownership interest in AT.

4. On February 2000, plaintiffs filed suit in the Circuit Court of Marshall County, West Virginia.

5. On May 2000, defendants removed this civil action to Federal Court.[3]

## II. DISCUSSION OF LAW

■ A foreign state defendant may remove a civil action.[4] A defendant is a foreign state if a majority of its ownership interest is owned by a foreign state.[5]

■ The Fourth Circuit has not identified the time frame to determine when a defendant is a foreign state. Furthermore, the Courts of Appeals have adopted conflicting approaches to determine when a defendant is a foreign state.[6]

1. Time of Conduct Test.

In *Pere v. Nuovo Pignone, Inc.*,[7] the defendant was a foreign state at the time

ven into a unified approach consistent with the objectives of the FSIA."). After reviewing the apparent conflict between the different approaches, the court determined that "[t]he focus on the potential liability or the propriety of the conduct of a foreign sovereign is the key to understanding why some cases appear to hold that the relevant time of inquiry is the time of the underlying conduct while other cases focus on the time the lawsuit was filed." Id. at 413. Accordingly, the court adopted a different approach.

> Thus, in this Court's view, the correct approach under the FSIA is to ask whether the underlying conduct took place on the foreign state's watch, even if that state is no longer in control of the party by the time of the lawsuit, or, alternatively, whether the defendant currently a foreign state, regardless of its status at the time of the underlying conduct [sic]. In either circumstance, federal jurisdiction will lie under the FSIA.

Id. at 414.

Other courts, however, have not followed this approach. As well, Judge Haight, also of the Southern District of New York, recognized, but did not follow, this approach. See Vasura v. Acands, 84 F.Supp.2d 531, 534 (S.D.N.Y.2000).

7. 150 F.3d 477 (5th Cir.1998).

of the events giving rise to the litigation. However, when the plaintiff filed suit, defendant was no longer a foreign state.[8] In this context, the Court addressed an issue of first impression in the Fifth Circuit: "[w]hether the FSIA covers an entity now private that was state owned at the time of the disputed event(s)".[9]

The Court considered persuasive the purpose of the FSIA in fostering "harmonious international relations" [10] and comity between the foreign nations.[11] Consequently, the Court concluded that it was immaterial that the defendant was no longer a foreign state at the time plaintiff filed suit.[12] Accordingly, the Court concluded that the time of the events giving rise to the litigation and not the time of filing suit determines when a defendant is a foreign state.[13]

In so doing, the Court followed the Eighth Circuit's analysis set forth in *General Elec. Capital Corp. v. Grossman* [14] and distinguished itself from the Ninth Circuit's analysis in *Straub v. A.P. Green.*[15]

## 2. Time of Filing Test.

In *Straub v. AP Green, Inc.,*[16] the plaintiff sued this same defendant, AT, for asbestos-related injuries.[17] At the time of plaintiff's exposure to asbestos, AT was not foreign state.[18] However, at the time plaintiff filed suit, AT was a foreign state.[19] The Court, therefore, addressed whether the FSIA applies when defendant was not a foreign state, at the time of the events giving rise to the litigation, but subsequently became a foreign state when plaintiff filed suit.[20] In contrast to the Fifth Circuit, the Ninth Circuit adopted the time of filing test to determine when a defendant is a foreign state.[21]

Consequently, there are two different time frames this Court may adopt to determine when AT is a foreign state. On the one hand, the Court may follow the Fifth Circuit's analysis set forth in *Pere v. Nuovo Pignone, Inc.,*[22] and adopt the time of conduct test. Under this test, AT may be a foreign state because AT was a foreign state during the time of events giving

---

8. *Id.* at 480 ("When Pere sued, Nuovo Pignone was no longer a foreign state").

9. *Id.*

10. *Id.* (citing *Pullman Constr. Industries, Inc. v. United States,* 23 F.3d 1166, 1169 (7th Cir.1994)).

11. *Id.* (" '[T]he doctrine of foreign state sovereign immunity was created to effectuate general notions of comity among nations.' ") (quoting *General Elec. Capital Corp. v. Grossman,* 991 F.2d 1376, 1381 (8th Cir.1993)).

12. *Id.* at 481 ("The foreign policy concerns underlying sovereign immunity do not necessarily disappear when a defendant loses its foreign status before suit is filed.").

13. *Id.* ("Thus, courts are to look to the defendant's status at the time the litigated events occurred.").

14. 991 F.2d 1376 (8th Cir.1993).

15. 38 F.3d 448 (9th Cir.1994); *see Pere,* 150 F.3d at 480 ("Having studied both *Straub* and *General Electric,* we are persuaded by the

Eighth Circuit's reasoning in *General Electric.*").

16. 38 F.3d 448 (9th Cir.1994).

17. *Id.* at 450 ("Plaintiff Harold Straub sued Atlas Turner for asbestos-related injuries.").

18. *Id.* at 451 ("It is not disputed that Atlas Turner was not a foreign state at the time Straub was exposed to the asbestos.").

19. *Id.* ("At the time Straub filed his lawsuit, Atlas Turner was .... an instrumentality of a foreign state.").

20. *Id.* (citing cases and concluded that "[n]either court addressed the issue of whether the FSIA applies when a party is not a foreign state at the time of the alleged wrongdoing but becomes one prior to the date on which the lawsuit is filed.").

21. *Id.* ("We hold that the FSIA applies when a party is a foreign state at the time the lawsuit is filed, even if that party was not a foreign state at the time of the alleged wrongdoing.").

22. 150 F.3d 477 (5th Cir.1998).

rise to this litigation.[23] On the other hand, the Court may follow the Ninth Circuit's analysis set forth in *Straub v. AP Green, Inc.*,[24] and adopt the time of filing test. Under this test, AT would not be a foreign state because AT was not a foreign state when the plaintiffs filed this civil action.

However, the Southern District of New York has already resolved this issue with respect to this defendant in a prior civil action involving, in all material respects, an identical set of facts and an identical procedural setting. In *Vasura v. Acands*,[25] plaintiff sued AT based upon allegations commencing during the 1920's, continuing when defendant was a foreign state, and plaintiff filed suit when AT was no longer a foreign state.[26] Furthermore, in *Vasura*, plaintiff sued defendant AT, in New York Supreme Court, for asbestos-related injuries and, in response, defendant AT removed this suit to the Southern District of New York under 28 U.S.C. § 1441(d).[27] The court first noted the different approaches the Courts have applied to determine when a defendant is a foreign state.[28] The court, however, did not decide which of the two approaches is appropriate because, under either approach, AT could not be a foreign state.[29] Consequently, the court concluded that AT could not remove this civil action under 28 U.S.C. § 1441(d).[30]

This presents a factual situations identical, in all relevant respects, to the issues presented in this case. Consequently, the Court finds *Vasura* to be persuasive.[31]

## III. CONCLUSION

Therefore, for the above stated reasons, the Court **GRANTS** the motion to remand[32] and, therefore, **ORDERS** that this civil action is remanded in the entirety back to the Circuit Court of Marshall County, West Virginia.

The Clerk is directed to transmit a true of copy of this Order to counsel of record herein and to the Circuit Court of Marshall County, West Virginia

---

**23.** This, however, is complicated by the fact that AT was a foreign state only for a limited time during the pendency of the events giving rise to this civil action.

**24.** 38 F.3d 448 (9th Cir.1994).

**25.** 84 F.Supp.2d 531 (S.D.N.Y.2000).

**26.** *Id.* at 534 ("Without question Atlas Turner was not a foreign state in 1999 when this lawsuit was filed").

**27.** *Id.* at 532.

**28.** *Id.* at 533–34. The court even noted the approach set forth in *Belgrade v. Sidex Int'l Furniture Corp.*, 2 F.Supp.2d 407 (S.D.N.Y. 1998). *Vasura*, 84 F.Supp.2d at 534.

**29.** *Vasura*, 84 F.Supp.2d at 534 ("To resolve the current motion, I need not decide which,

if not both, of the time periods that have been identified under the two approaches governs, because Atlas Turner does not meet the test under either.").

**30.** *Id.* at 535 ("I conclude that Atlas Turner cannot be regarded as a 'foreign state' for purposes of this lawsuit and that there is no basis for the exercise of removal jurisdiction on that ground.").

**31.** *See, e.g., Balentine v. Union Mortgage Co.*, 795 F.Supp. 266, 269 (N.D.Ill.1992) (finding the analysis of *Murray v. Union Mortgage Co.*, No. 91–0799, 1992 WL 247409 (S.D.Ala. Jan. 14, 1992) persuasive, with respect to whether defendant was a foreign state, because that case involved the same defendant and the same relevant facts).

**32.** Doc. # 9.